44  245
88  493

JOHN H. WARREN AND WIFE v. J. F. SMITH.

1. MECHANICS' LIEN.—The statute regulating marital rights and prescribing in what cases the wife's separate estate may be bound, will control the creation of a mechanics' lien on her estate. Her estate cannot be made liable for improvements thereon not authorized by her.

2. MECHANICS' LIEN.—A mechanics' lien will not be affected by the failure to serve a duplicate copy of the bill of particulars filed with the clerk on the party owing the debt when the service cannot be made.

APPEAL from Smith. Tried below before the Hon. M. H. Bonner.

Suit by J. F. Smith against one Burns and Warren and wife upon a parol contract alleged to have been made between Smith and Burns to construct two rooms on a lot on which J. H. Warren's office was situate. Warren and wife excepted generally and specially, because the claim which was made an exhibit in the petition was not accompanied by a description of the lots and improvements, and no sufficient specification of the items of indebtedness was contained in said claim, which was the account or contract as recorded. The lot was described in the account as follows: "On the lot and attached to the office known as Dr. J. H. Warren's office, situate on the east side of the public square, in the city of Tyler, in Smith county, Texas."

The first section of the act of November 17, 1871, regarding mechanics' liens, provides that "if the contract, order, or agreement be verbal, a duplicate copy of the bill of particulars shall be made under oath, one to be delivered to the clerk to be filed and recorded as provided for written contracts, and the other to be served on the party owing the debt." Before the institution of the suit Burns left the country and was cited by publication. There was no evidence that the improvement was made on the employment of Mrs. Warren. The original petition alleged that the lot on which the improvement was made was the separate property of Mrs. Warren, but no instruction was given the jury which would elicit a finding by them as to whether or not Mrs. Warren authorized the improvements. Verdict on special issues and judgment for appellee, directing a sale of the entire building, when the material and labor was furnished on but a part of it.

*Stephen Reeves*, for appellant, cited Adkins *v.* Ware &
Sons, 35 Tex., 583; Magee *v.* White, 23 Tex., 180; Haynes
*v.* Stovall, Ib., 625.

*Jones & Henry*, for appellees, cited Paschal's Dig., art.
4641; Wilburn *v.* Walker, 11 Tex., 329.

GOULD, ASSOCIATE JUSTICE.—The statute regulating me-
chanics' liens does not provide in what way the wife's separ-
ate estate may become subject to the lien for improvements
thereon.   (Paschal's Dig., art. 7112, *et seq.*)   No reason
is perceived why the statute regulating marital rights and
prescribing in what cases the wife's separate estate may be
made liable should not control the creation of a mechanics'
lien on her estate.   (Paschal's Dig., arts. 4643, 4644, 4645.)
This conclusion seems to be in accord with the current of
authority in States where there are statutes regulating the
manner of charging the wife's separate estate and when the
mechanics' lien statute has no special provisions on the sub-
ject.   (Phillips on Mec. Liens, secs. 98, 99, 100, and ref-
erences.)
   The author just cited says: "There is no conflict of au-
thority as to the proposition that in order to charge the
land of the wife she must be either expressly or by implica-
tion the employer."   (Id., sec. 101.)   Under our statute
repeated decisions have fixed the rule that to make the
wife's separate property liable for a debt, it must be con-
tracted by the wife herself or by her authority.   (Magee *v.*
White, 23 Tex., 180.)
   In the case before us, whilst the court submitted numer-
ous special issues to the jury, there was no issue submitted
as to whether the improvements were authorized by Mrs.
Warren or not.   The verdict ascertains the fact that the
lot was her separate property, and in the absence of any
finding to the contrary, the building which was on the lot
before the addition which gave rise to this suit was made

must also be treated as her separate property. The decree directs the sale of the entire building, and in so far as it affects Mrs. Warren's separate estate is not authorized by the findings of the jury.

It is proper to notice some other questions raised, and which may occur on another trial.

The account or contract, as recorded, contained a sufficient description of the lot and improvements, and a sufficient specification of the items of indebtedness. The statute must receive a reasonable construction, and we cannot think the lien was lost because it was impracticable to serve a copy of the bill of particulars on Burns.

REVERSED AND REMANDED.

[Chief Justice ROBERTS did not sit in this case.]