64    42
88    493

## B. F. READ v. W. G. GILLESPIE.

(Case No. 5364.)

1. MATERIAL-MAN'S LIEN.— The lien given by statute to one who furnishes materials for building is not lost by a failure to serve a bill of particulars on the party owing the debt, who leaves the state, and is absent therefrom, before the expiration of the time within which the bill of particulars must be recorded in order to fix the lien, and before the debt falls due.

2. ATTORNEY FEE — LIEN.— When judgment is rendered against one, cited by publication, in a suit by a building-material-man to enforce his lien, the fee allowed the attorney appointed to defend the absent defendant may be taxed in the bill of costs, and satisfied out of the proceeds of the sale of the property on which the lien is enforced.

APPEAL from Tarrant. Tried below before the Hon. A. J. Hood.

Suit against the purchaser of premises by appellee to enforce his lien against the property for materials furnished the vendor. The vendor was made a party defendant, and cited by publication. The facts connected with the lien are apparent from the opinion.

*Hyde Jennings,* for appellant, that the failure to furnish a bill of particulars was fatal, cited: Phillips on Mechanics' Liens, sec. 2a; Benton *v.* Wickwire, 54 N. Y., 226; arts. 3165 and 3166, R. S.; Lee *v.* Phelps, 54 Tex., 367; Lee *v.* O'Brien, 54 Tex., 635; Pool *v.* Sanford, 52 Tex., 621; Ferguson *v.* Ashbill, 53 Tex., 245; Reese *v.* Corlew, 60 Tex.; 70; Sens *v.* Trentune, 54 Tex., 218; Shields *v.* Morrow, 51 Tex., 396; Horan *v.* Frank, 51 Tex., 401; Loonie *v.* Frank, 51 Tex., 406; Ryan *v.* Kelly, 9 Mo. App., 396; Bieswaeuger *v.* Werner, 5 Mo. App., 582.

*R. J. Boykin,* for appellee.

WILLIE, CHIEF JUSTICE.— This court has held that the lien given by statute to persons furnishing materials for building is not lost by a failure to serve a bill of particulars upon the party owing the debt, when such service is impracticable. Warren *v.* Smith, 44 Tex., 245.

The appellee was therefore excusable for not serving Mauldin with a copy of the bill of particulars upon which he based his lien, it having been alleged that Mauldin left the state before the note set forth in the petition fell due, and long before the time within which the appellee was required to file his bill of particulars for record in order to fix and secure his lien had expired, and that the most diligent efforts to serve him had been without effect.

The $10 allowed the attorney representing Mauldin, the absent

defendant, was part of the costs of the suit, made so by statute (R. S., art. 1212), and like the other costs in the case might be satisfied out of the property upon which the principal debt was a lien.

This item of costs like the others would not have accrued but for the failure to pay the debt secured by the lien, and hence the appellant cannot complain that his property is held liable for its payment.

This disposes of all the points made in the brief of appellant's counsel, and there being no error in the judgment brought to our attention, the judgment is affirmed.

AFFIRMED.

[Opinion delivered April 27, 1885.]