KEATING IMPLEMENT AND MACHINE COMPANY V. MARSHALL
ELECTRIC LIGHT AND POWER COMPANY.

No. 2823.

1. **Mechanic's Lien.**—The lien of a mechanic is secured by section 37, article 16, of the Constitution; the method of its enforcement depends on statute law. Though it is not fixed before record of the contract or bill of particulars, yet when it is fixed it relates back to the time when the work was performed or the material furnished, and takes precedence of all claims to the property improved which were fastened on it since that time. The lien exists before registration; the registration preserves it.

2. **Same.**—Within the period of time allowed by statute for a mechanic's lien to be fixed by registration, every person dealing with the property is charged with notice of the existence of such lien.

3. **Case Discussed and Approved—.Fixtures.**— Hutchins v. Masterson, 46 Texas, 554, discussed and approved in regard to tests to be considered in determining whether a chattel has become an immovable fixture.

APPEAL from Harrison.   Tried below before Hon. John L. Sheppard. The opinion states the case.

*F. H. Prendergast,* for appellant.—1.   The court erred in holding that the Keating Implement and Machine Company had notice of the mechanic's liens when they took the mortgage of May 3, 1888, because there was no evidence that they had notice.

2.   The court erred in holding that the Keating Implement and Machine Company did not have a preference lien over the other creditors. This was error, because said Keating Company stood in the position of an innocent purchaser for a valuable consideration and without notice of the other liens. Railway v. Gentry, 69 Texas, 633; Steffian v. Bank, Id., 517; Love v. Sierra Navada Co., 32 Cal., 639, 652; Daggett v. Rankin, 31 Cal., 322; W. & W. Con. Rep., sec. 524; Trammell v. Mount, 68 Texas, 215; Laws of 1885, p. 63; Sayles's Dig., art. 3164; 2 Jones on

.Liens, sec. 1640; Phill. on Mech. Liens, secs. 233, 222, 218, 215, 220, 225; Worc. and Webs. Dics., "on" and "upon."

3.   The court erred in holding that the poles and wires thereon situated in the streets of Marshall were real estate.

*B. F. Sexton,* for appellee.— 1.   The court did not err in holding that the Keating Implement and Machine Company had notice of the mechanic's lien when the mortgage of May 3, 1888, was taken, because there was positive evidence of actual notice of the lien, and of. the indebtedness of the Marshall Electric Light and Power Company, to the president of the Keating Implement and Machine Company.

2.   The court did not err in holding that the Keating Implement and Machine Company was not entitled to preference in its lien over other lien holders.  The Keating Implement and Machine Company had actual notice of the claim and lien of the Westinghouse Electric Company, and was bound to take notice of the existence of the claims of the other lien holders.   The circumstances detailed in Keating's testimony, and the findings of the master, show that Keating had actual notice of the claims of other lien holders.   The Keating Implement and Machine Company was not in any sense an innocent purchaser for value.   Const. 1876, art. 16, sec. 37; Rev. Stats., arts. 3164, 3165; Trammell & Co. v. Mount, 68 Texas, 215; Fagan & Osgood v. Boyle Ice Machine Co., 65 Texas, 331; Huck v. Gaylord, 50 Texas, 582; Choteau v. Thompson & Campbell, 2 Ohio St., 124, 125.

3.   The court did not err in holding that the poles and wires thereon situated in the streets of Marshall were real estate.   The finding of the court is: "The court found that the poles and wires erected in the streets of Marshall for transmitting electric light are real estate."   The finding is correct.   It must be reasonably understood and evidently means real estate within the meaning of the law creating a lien in favor of mechanics and material men.   Rev. Stats., arts. 3164, 3165; 2 Jones on Liens, secs. 1335, 1339.

Henry, Associate Justice.—The Westinghouse Electric Company filed its petition in the District Court against the Marshall Electric Light and Power Company, claiming a debt of about $5000 and a mechanic's lien, charging that the defendant was insolvent and praying for a receiver.

A receiver was appointed, and the Keating Implement and Machine Company intervened.

The defendant is a corporation created under the general laws of this State.   It erected a house on a lot purchased and owned by it in the city of Marshall.   The house was finished about the 15th of April, 1888.   The defendant purchased from the intervenor, plaintiff, and others machinery to be used in its business of generating electric lights, and erected in the

streets of the city poles and wires and other appliances proper for furnishing such lights to its customers.

All of the contesting creditors filed their demands claiming mechanics' liens in the county clerk's office at different periods up to and including the 1st day of August, 1888, within four months of the date that their respective debts became due and of the date that each did the work or furnished the material.

On May 3, 1888, the defendant executed to the intervenor a note for the sum of $1887.58, secured by a deed of trust on the defendant's lot and improvements, including its poles, wires, and attachments, and its personal property.

This deed of trust having been signed by the company, by its president, was acknowledged for record by him and recorded in the county clerk's office on May 3, 1888, before any mechanic's lien had been fixed by being filed with the county clerk.

In addition to its deed of trust intervenor fixed its mechanic's lien by filing its claim with the county clerk within four months from the date of its accrual.

The District Court held in effect that intervenor had a valid mortgage, but that it did not give to it a prior lien upon anything except the personal property of defendant, and that the poles, wires, etc., erected in the streets were parts of the realty, and rendered judgment accordingly.

It is contended that because when intervenor's deed of trust was recorded no mechanic's lien had been recorded, and it then had no actual notice of the existence of such claims, its lien took priority over the mechanics' liens notwithstanding they were subsequently duly filed with the county clerk within four months from the dates of the accrual of the respective debts.

The language of section 37, article 16, of the Constitution, is that "mechanics, etc., shall have a lien, etc., and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

We think the Constitution creates the lien at the time of the transaction, and only leaves it for the Legislature to provide the means of its enforcement. As said by this court in the case of Trammell v. Mount, 68 Texas, 215, "The lien of a mechanic, though not fixed before record of the contract or bill of particulars, when it is fixed relates back to the time when the work was performed or material furnished, and hence takes precedence of all claims to the property improved which have been fastened upon it since that time. The registration does no more than preserve a lien which exists already."

Appellant contends that the language of the Act of 1885, in force when the liens in this case were fixed, being that contractors should have such lien "*upon complying with the provisions of this act,*" meant that they should have such lien when they complied with the act and not be-

fore.   As the Constitution itself creates the lien at and from the date of the transaction, subject only to be regulated by the Legislature as to the time and method of its enforcement, we are not at liberty to give to this provision of the law the effect claimed for it.

Within the period of time allowed by the statute for the lien to be fixed by being recorded we think every person dealing with the property is charged with notice of the existence of the lien without evidence of the existence of actual notice.   Were it otherwise the provision of the Constitution creating the lien as the result of the transaction in which it originates would be disregarded.

With regard to the controversy as to whether the poles, wires, lamps, and other attachments for conveying the electricity should be treated as real or as personal estate, the master says in his report that he found it "impracticable to separate the poles, wires, lamps, and other attachments from the lot and improvements thereon."

In the case of Hutchins v. Masterson, 46 Texas, 554, it is said:  "The weight of the modern authorities establishes the doctrine that the true criterion for determining whether a chattel has become an immovable fixture consists in the united application of the following tests:

"1.   Has there been a real or constructive annexation of the article in question to the realty?

"2.   Was there a fitness or adaptation of such article to the uses or purposes of the realty with which it is connected?

"3.   Whether or not it was the intention of the party making the annexation that the chattel should become a permanent accession to the freehold, this intention being inferable from the nature of the article, the relation and situation of the parties interested, the policy of the law in respect thereto, the mode of annexation, and purposes or use for which the annexation is made.

"And of these three tests pre-eminence is to be given to the question of intention to make the article a permanent accession to the freehold, while the others are chiefly of value as evidence as to this intention."

We find no error in the proceedings and the judgment is affirmed.

*Affirmed.*

Delivered October 25, 1889.