[NOTE.—The cases of date June, 1895, were held over, upon motions for rehearing, until October, 1895.—REPORTER.]

## WARNER ELEVATOR MANUFACTURING COMPANY V. SAM MAVERICK ET AL.

### No. 268.

**1. Mechanic's Lien, Constitution, and Statute.**

By the Constitution, article 16, section 57, mechanics, artisans, and material-men have a lien for the value of their labor done or materials furnished; and it is prescribed, that "the Legislature shall provide by law for the speedy and efficient enforcement of said lien." In accordance therewith, article 3165 of the Revised Statutes was enacted ........................ 492

**2. Same.**

The provisions of article 3165 of the Revised Statutes require, that "in order to fix and secure the lien herein provided for, it shall be the duty of every original contractor, within four months after the indebtedness shall have accrued, to file his contract in the office of the county clerk of the county in which such property is situated," etc. This article should be liberally construed in furtherance of the purposes for which enacted.............. 493

**3. Same—Cause of Action.**

A building contract was made by written proposals mailed by the contractor to the owner, and his acceptance by telegraph to the contractor. The contractor, when the work was completed, filed a verified account, with items, etc., and with description of the lot upon which the house was built. In a suit by the contractor to enforce the lien, alleging these facts, with further allegation that plaintiff had demanded of defendant *the proposals* sent him and refusal, *Held*, that the petition showed right to recover on the lien.... 494

#### ON REHEARING.

**4. Contract in Writing—Mechanic's Lien.**

Proposals by contractor embodied in writing, sent to the owner and by him accepted by telegram, constitute a contract in writing as contemplated in article 3165, Revised Statutes, concerning mechanic's lien................ 496

**5. Statute Construed—Proviso.**

That portion of said article 3165 which follows the word *"provided"* has none of the characteristics of a technical proviso. It does not except anything

from the body of the act, nor does it limit its operation with reference to any thing or person embraced therein. It is not to be treated as a proviso simply because so designated, but the language will be considered as if the word *"provided"* had not been used, if necessary to arrive at a proper interpretation of the law......................................................... 496

**6. Same—Same.**

The first part of the article 3165 applies to written contracts of which the claimant of the lien has possession and control; while the other part, called a proviso, relates to such written contracts as are not under the control of the person asserting the lien......................................................... 497

**7. His or Their Contract.**

The terms *his* or *their contract* mean that the contract is in his or their possession, and under his or their control. When the mechanic or contractor does not have possession or control of the contract in writing, the lien may be fixed by filing a verified account, with description, etc., as prescribed in articles 3166 and 3167 ......................................................... 497

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Bexar County. Chief Justice James not sitting.

The opinion gives a full statement of the matters discussed.

*Thos. H. Franklin* and *R. B. Minor,* for plaintiff in error.—1. The mechanic's lien having been created by the Constitution (at least so far as the buildings are concerned), it was not within the power of the Legislature—even supposing they so intended—to annex to the right, under the guise of regulation, conditions and restrictions which would defeat the right, without fault on the part of the person entitled to it. Const., art. 16, sec. 37; Implement Co. v. Electric Light Co., 74 Texas, 605, 607, 608; Trammel v. Mount, 68 Texas, 210; Schultze v. Ice and Brewing Co., 2 Texas Civ. App., 236, 244; Warren v. Smith, 44 Texas, 245; Read v. Gillespie, 64 Texas, 42; Lee v. O'Brien, 54 Texas, 635; Tinsley v. Boykin, 46 Texas, 592; Gaylord v. Loughridge, 50 Texas, 573; Ferguson v. Ashbell, 53 Texas, 245; Lee v. Phelps, 54 Texas, 367; Reese v. Corlew, 60 Texas, 70; Lyon & Gribble v. Ozee, 66 Texas, 95.

2. The Court of Civil Appeals erred in holding that the statute (principal clause of article 3165, Sayles' Statutes, Addenda), requires absolutely, that if the contract is in writing it must be recorded, an exception being made only in case of persons included within the proviso clause of said article. There is no express provision in the statute (principal clause of article 3165), that if the contract is in writing it must be recorded; nor is such requirement a necessary or even a proper conclusion to draw from the language of said statute. Sayles' Stats., Add., art. 3165, et seq.

*Perry J. Lewis,* for defendants in error, Sam Maverick and Reagan Houston, assignee.—1. The law provides two methods in which an original contractor may secure a mechanic's lien: If the work is done or material is furnished under a written contract, the contract shall be

recorded; if the contract is verbal, a bill of particulars must be recorded. And there is no authority of law for recording a bill of particulars when the contract under which the work was done is in writing. Plaintiff's petition and its exhibit showing that the work was done under a written contract, and that a bill of particulars was filed instead of the written contract, appellees' exceptions were properly sustained. Martin v. Roberts, 57 Texas, 564; Tinsley v. Boykin, 46 Texas, 592–598.

2. The mechanic's lien is purely a creature of the statute, and in order to obtain its benefits a lien claimant must bring himself fairly and reasonably within its terms, and he must show a substantial compliance in every respect with the requirements and provisions of the statute. Lee v. O'Brien, 54 Texas, 635; Tinsley v. Boykin, 46 Texas, 592–599; Gaylord v. Loughridge, 50 Texas, 573–577; Ferguson v. Ashbell, 53 Texas, 245–249; Huck v. Gaylord, 50 Texas, 578–581.

BROWN, ASSOCIATE JUSTICE.—Plaintiff sued Sam Maverick and Reagan Houston, assignee of said Maverick, for a debt and to foreclose a lien upon a certain lot and building in San Antonio, and made the other defendants parties, because they claimed liens upon the same property. The petition contained all necessary allegations as to the debt and the performance of the work and for material furnished, for which the lien was claimed. It alleged the filing in the clerk's office and causing to be recorded a statement of the account, the claim of lien, and description of the property on which the lien was claimed, and also with such statement a copy of the written contract for the work. The petition contains in substance the following allegations:

"That the contract between plaintiff and defendant Maverick consisted of written propositions or bids, signed by plaintiff and forwarded to defendant Maverick, and telegrams from said Maverick to plaintiff, accepting said propositions, which propositions or bids, it is alleged, alone contained the terms of said contract, the telegrams expressing only said defendant's acceptance thereof and not containing terms, all of which appears from said 'Exhibit X;' that said original written propositions were by plaintiff forwarded to said Maverick, and have ever since remained and still remain in his possession and control, and beyond the control of plaintiff; wherefore it is alleged, that during the time allowed plaintiff for fixing its said lien it was not within the power of plaintiff to file said original written propositions in the office of the county clerk of Bexar county, or to cause the same to be there recorded; but in lieu of so doing, plaintiff, on February 24, 1891, filed in the office of said clerk, and caused to be there recorded on March 3, 1891, in the records of mechanics' and builders' liens, true copies of the said written propositions and of said telegrams of acceptance, besides filing and causing to be recorded the itemized sworn account as aforesaid."

A special exception having been sustained to the petition, the plaintiff by trial amendment made the following allegations:

"That plaintiff, on or about the 24th day of February, 1891, demanded of said defendant Maverick the said original propositions, for the purpose of filing the same to fix plaintiff's mechanic's, builder's, and materialman's lien to secure said debt, and stated to said Maverick the said purpose for which he (plaintiff) desired said original propositions; but plaintiff said, that said Maverick failed and refused to deliver to plaintiff the said original propositions; wherefore, during the time allowed plaintiff for fixing its said lien, it was not within the power of plaintiff to file said original propositions in the office of the county clerk of Bexar County, or to cause the same to be there recorded."

The court sustained the following special exceptions to the petition as thus amended:

"And said defendants specially except to so much of plaintiff's petition as attempts to set up and establish a mechanic's lien; because it is alleged in said petition and the exhibit attached thereto, that the plaintiff performed the labor, furnished the material, and that his debt accrued by virtue of a written contract entered into by plaintiff and defendant Sam Maverick; and there is no allegation in plaintiff's petition that the said contract was filed for record in Bexar County, as required by law in order to fix a mechanic's lien."

Upon trial before the court judgment was rendered for the plaintiff for its debt and in favor of the other defendants for their debts, and foreclosing their liens on the lot and improvements. This judgment was affirmed by the Court of Civil Appeals.

The only question presented is the correctness of the judgment of the court in sustaining the special exceptions to plaintiff's petition.

The thirty-seventh section of article 16 of the Constitution of this State is in this language: "Mechanics, artisans, and materialmen of every class shall have a lien upon the buildings and articles made or repaired by them, for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

The foregoing section gives a lien to the classes of persons therein named, and such lien exists independent of the statute. Implement Co. v. Electric Light Co., 74 Texas, 607; Trammell v. Mount, 68 Texas, 215. The Constitution imposed upon the Legislature the duty of providing by law for the "speedy and efficient enforcement" of such liens. If no law had been passed upon this subject, the lien could be enforced under the general rules of equity governing the foreclosure of liens. If the Legislature had declared that such persons should not have a lien, or that any class of such persons named should not have such lien, their rights would not be affected; for the constitutional lien would be paramount to any such declaration of the Legis-

lature. It was within the power of the Legislature to provide the method of enforcement, and to prescribe the time within which the steps must be taken to subject the property thereto. That is what the Legislature has done, and we are to construe the law liberally in order to carry out its purpose of speedy and efficient enforcement, and not to regard it as a source of the right, and therefore to be strictly complied with, as in case of judgment liens, which are created by compliance with the law.

Article 3165, Revised Statutes, prescribes, that "in order to fix and secure the lien herein provided for, it shall be the duty of every original contractor, within four months * * * after the indebtedness shall have accrued, to file his contract in the office of the county clerk of the county in which such property is situated, and cause the same to be recorded in a book to be kept by the county clerk for that purpose." If the original contractor, who has entered into a written contract with the owner of the property, fail to file his contract within the time required, then his lien would be abandoned or barred by the time prescribed, unless he show some good reason for not complying with the law.

Are we to construe this statute so as to create a forfeiture of the lien in every case of failure to so comply? Such a construction would have the effect to destroy a constitutional right by a narrow and technical construction of the statute. Instead of preserving the right, such a construction would destroy it, and fail to accomplish the purposes for which the law was enacted.

The plaintiff alleges, that he had a written contract with the defendant Maverick for the work done. We conclude, that the written bid or proposition to do the work, and the acceptance of it, constituted a contract in writing which might have been recorded in obedience to the law. The question is, did the allegations of the petition show sufficient reason for not filing the contract to excuse the failure to comply with the law? Whenever the person entitled to the lien is prevented by the act of the owner of the property from complying with the law, such act will excuse the nonperformance of the duty enjoined by the statute. Warner v. Smith, 44 Texas, 245; Read v. Gillespie, 64 Texas, 42; Trammell & Co. v. Mount, 68 Texas, 215; Ellis v. Batts, 26 Texas, 703.

In the cases of Warner v. Smith and Read v. Gillespie, the claimant of the lien had failed to give the notice to the owner of the property which the statute required, because such owner was absent from the State, and the court held, that having been prevented from complying with the statute by the act of the owner in absenting himself, the law would excuse the failure, and the lien would be preserved by complying to the extent of his ability to do so.

In the case of Trammell v. Mount, a part of the material prepared under the contract had never been delivered upon the premises and

was not used in the building, the failure to deliver being caused by the acts of the property owner, and the court held, that the lien would be enforced for that which was prepared under the contract, although not delivered, because the failure to deliver it was not caused by the fault of the contractor, but the other party. Under the statute of 1852, field notes of surveys of land were required to be returned to the General Land Office before August 31, 1853, under pain of forfeiture of the location and survey. No exception was made in favor of any one. A surveyor and the person for whom the land was located were enjoined by the District Court at the suit of another from making return of the field notes, and could not comply with the statute.

In Ellis v. Batts the Supreme Court held, that although the statute made no provision for such a case, and the letter of the law would cause a forfeiture of the right acquired, it would be unreasonable to so construe the statute, and it was held, that the failure to return the field notes under the circumstances of that case did not work a forfeiture of the survey.

In the case of Edwards v. James, 13 Texas, 52, under the same statute, the surveyor refused to survey land previously located, and to return the field notes. The locator sued out a writ of mandamus to compel the performance of the duty, and the court held, that under such circumstances the location would not be forfeited, as the party whose rights were involved had done all that was in his power to comply with the law, and was prevented by the act of another from so doing.

It would be an unreasonable and unjust effect to give to the statute in this case, that the plaintiff, for failing to do that which Maverick prevented it from doing, should suffer the loss of a lien already existing, to the advantage of the man who prevented the recording of the contract. It is more consistent with right and a fair construction of the act, to hold, that when the plaintiff was unable, without fault on its part, to procure the written contract, it occupied the position of one who had no written contract, and having done all that was in its power to do in compliance with the law, which in fact served all the purposes of the law, it will be protected as if the written contract had not existed.

The allegations of the petition as it was amended showed a good reason for the failure of plaintiff to file the written contract as directed by the statute, and that the failure was not the fault of the plaintiff, but was caused by the act of the opposite party. From these allegations it does not appear that any injury could have resulted to the defendant Maverick or the assignee, nor does it appear that the other persons claiming liens upon the property were prejudiced by the failure to file the written contract.

The District Court erred in sustaining the exceptions to the petition, and the Court of Civil Appeals erred in not sustaining the assignment of error based upon that ruling, for which reasons the judgments

of both courts are reversed, and the cause is remanded to the District Court.

*Reversed and remanded.*

Delivered March 25, 1895.

DENMAN, Associate Justice, did not sit in this case.

ON REHEARING.

BROWN, ASSOCIATE JUSTICE.—The plaintiff in error has filed a motion for rehearing in this cause, asking that we pass upon the sufficiency of the amended original petition, independent of the trial amendment. The grounds of the motion are set out as follows:

"1. In the brief of plaintiff in error before the Court of Civil Appeals, as well as in its brief before this court, plaintiff in error has rested its case principally upon the sufficiency of its first amended original petition, independently of the trial amendment setting up a demand and refusal of the original propositions.

"2. The opinion of this court is rested entirely upon said demand and refusal set up in said trial amendment.

"3. The material facts alleged in the first amended original petition, namely, that the propositions were sent to Maverick and remained in his possession and beyond the control of plaintiff in error, are beyond controversy; whereas the further facts (alleged in the trial amendment) of a demand and refusal of these propositions are contested.

"4. If the case goes to the District Court under the present opinion, and the evidence should be held not to sustain said allegations of a demand and refusal of the original propositions, another appeal will be necessary in order to test the sufficiency of the petition independently of the trial amendment."

In passing upon this case, we considered that the trial amendment made the petition good without reference to the questions arising upon the amended original petition, and therefore did not feel called upon to determine the question independent of the trial amendment. Since the plaintiff in error desires a decision upon the question as to the sufficiency of the petition without regard to the trial amendment, and because from the statements made a failure to determine the question may result in protracting the litigation, we will consider the matter upon the amended original petition.

The substance of the amended original petition upon the question of lien is given in our former opinion, and will not be repeated, except so far as is necessary to understand the very point involved.

The petition, after alleging the facts constituting the right of action and the lien claimed under the statute, alleged, in substance, that the work was done and material furnished under a written contract made by the submission on the part of plaintiff of written propositions

to do the work, giving the terms upon which it would be done, and the acceptance of the propositions by Sam Maverick, by telegram sent to plaintiff. It was alleged, that written propositions were sent by mail to Maverick, which were in his possession, while the telegrams were in possession of the plaintiff. As said in the former opinion, this constituted a contract in writing between the parties. The question in this case is, was plaintiff required to file and have recorded a contract of which he had possession of only a part? Or if the entire contract had been in the possession of the opposite party, must the plaintiff have that recorded in order to fix and secure its lien?

As stated in our former opinion in this case, the lien of the plaintiff in error is secured by the Constitution (article 16, section 37); in which it is also provided, that "the Legislature shall provide by law for the speedy and efficient enforcement of said liens." In obedience to the mandate of the Constitution, the Legislature has enacted certain laws which it becomes necessary to interpret in this case. Article 3138, Revised Statutes, subdivision 6, reads: "In all interpretations the courts shall look diligently for the intention of the Legislature, keeping in view at all times the old law, the evil, and the remedy." Under this statutory direction, and in view of the purpose of the enactment under the Constitution to provide a "speedy and efficient" means of enforcing the lien, the law should be so construed as to preserve the lien and not to destroy it, if the language used may be thus interpreted. Indeed, under our Constitution, the Legislature, in our judgment, could not enact laws that would cause a defeat of the lien without fault of the party entitled thereto.

Before entering upon an examination of the statute, we will call attention to the fact that the portion of article 3165 which follows the word *"provided"* has none of the characteristics of a technical proviso; it does not except anything from the body of the act, nor does it limit its operation with reference to any thing or person embraced therein. It is not to be treated as a proviso in giving it effect simply because it is so designated, but the language will be considered as if the word *"provided"* had not been used in it, if it be necessary in order to arrive at a proper interpretation of the law. Mr. Sutherland says: "The intention of the lawmaker, if plainly expressed, must have the force of law, though it may be in the form of a proviso; the intention expressed is paramount to the form." Suth. Con. Stats., sec. 223; Carroll v. The State, 58 Ala., 401. "The intention of the lawmakers may be collected from the cause or necessity of the act; and statutes are sometimes construed contrary to the literal meaning of the words." Castner v. Walrod, 83 Ill., 178; The State v. King, 44 Mo., 283.

The solution of the question presented depends upon the interpretation of the following articles of the Revised Statutes:

"Article 3165. In order to fix and secure the lien herein provided for, it shall be the duty of every original contractor, within four

months, and every journeyman, day laborer, or other person seeking to obtain the benefits of this act, within thirty days after the indebtedness shall have accrued, to file his or their contract in the office of the county clerk of the county in which the property is situated, and cause the same to be recorded in a book to be kept by the county clerk for that purpose; provided, that if such journeyman, day laborer, or other person has no written contract, it shall be sufficient for them to file an itemized account of their claim, supported by affidavit, showing that the account is just and correct, and that all lawful and just offsets, payments, and credits known to the affiant have been allowed."

"Article 3167. If there be no written contract, it shall be the duty of the person seeking to obtain the benefits of this act to deliver to the clerk of the county court a sworn account, as provided for in sections 2 and 3, to be filed and recorded as therein provided," etc.

The purpose of the Legislature was to provide a "*speedy* and *efficient means*" for enforcing liens arising out of two classes of contracts. The former article relates to those contracts which are evidenced by writing, and the latter to such as are not in writing. The first part of article 3165 applies to those written contracts of which the claimant has possession and control, while the portion called a proviso relates to · such written contracts as are not under the control of the person asserting the lien.

The evident purpose of the Legislature was to allow the person claiming a lien under a written contract to file and have it recorded in order to give notice of its existence, saving the trouble of making out an account; but in case the contract could not be filed, then he must make out and file the required account.

What is the meaning of the words, "his or their contract?" If it had been intended to require the filing and recording of every contract in writing, the intention would have been better expressed by the use of the words, "the contract." Every note or other contract is the contract of the party who signs it, in the sense that he is bound by it; but in the sense that it belongs to him, it is not his. In the latter sense, it is the contract of the party who is entitled to the possession and control of it. The thing to be done indicates that the party required to perform it has the ability to comply with the law, which would not be the case if he did not possess and had no right to control the instrument. By the use of the words, "his or their contract," the Legislature meant such contract as the party claiming the benefit of the act was in possession of. This is made more evident by the use of the word "have" in the succeeding clause designated as a proviso. By that clause a means of securing the lien claimed under a written contract was provided in favor of one who did not *have*, that is, possess, such a contract. If the words "provided that" be omitted from the act, the intention will be more clearly stated, making it read, "to file his or their contract in the office of the county clerk of the county in which the property is situated, and cause it to be recorded

in a book to be kept by the clerk for that purpose, if such journeyman, day laborer, or other person have no written contract," etc. The intention of the Legislature was to make provision in the proviso for a contingency that might and often does happen where the party claiming the lien has not the possession of the writing, and therefore could not comply with the requirements of the preceding clause of the section.

If this be not the proper construction of the language, this law would place it in the power of the owner of the property sought to be subjected to the lien to defeat it entirely, by refusing to surrender the contract for filing and recording. Such a construction of the language would make the law of doubtful validity under the Constitution.

It is urged that contractors are not embraced in the latter clause or proviso, because they are named in the first clause as well as "other persons," and omitted from the proviso; and therefore it is to be construed, that they are excluded from the benefits of the proviso. The intention was to secure the claimants of liens under both phases of the case, and there is no reason for supposing that the Legislature intended to deprive the contractor of equal benefits with all persons. The words "all other persons" are broad enough to include them, and considering the subject of legislation and the purpose of the enactment, we conclude, that the Legislature did not intend to except or exclude any of the persons enumerated in the preceding part of the section. In this case, the allegations show a contract in writing of which plaintiff had possession of a part only, and the defendant of the other part, and that the record of that portion which plaintiff could control would not be a compliance with the law. Within the meaning of the law, the plaintiff did not "*have*" a written contract, and was entitled to fix the lien by filing the account in the mode alleged. The District Court erred in sustaining exceptions to plaintiff's first amended original petition.

The District Court entered judgment in favor of Shafer & Braden and the Pond Engineering Company, foreclosing their liens upon the property, of which no complaint is made in this court. We are asked to affirm this judgment as to the defendants Shafer & Braden, and upon examination of the record we will set aside the former judgment of this court, and enter judgment as hereafter stated.

For the error of the District Court in sustaining the defendants' exceptions to the plaintiff's original and amended petition, and for sustaining the exceptions as to the said petition as amended by the trial amendment, and the error of the Court of Civil Appeals in not sustaining the assignment of plaintiff in error based on that ruling, the judgments of the District Court and the Court of Civil Appeals are reversed, and this cause is remanded as to the plaintiff in error and affirmed as to the defendants Shafer & Braden and the Pond Engineering Company, with the direction that the execution of the judgment in favor of the latter be suspended until the determination

of the case as to the rights of the plaintiff in error, so far as may be necessary to secure its right of equal distribution of the proceeds of the property.

*Motion overruled.*

Delivered June 3, 1895.

### SUPPLEMENTAL.

BROWN, Associate Justice.—In the opinion delivered on this motion, filed June 3, 1895, it is said: "The District Court entered judgment in favor of Shafer & Braden and the Pond Engineering Company, foreclosing their liens upon the property, of which no complaint is made in this court;" and we then proceeded to enter judgment, affirming the judgment of the District Court as to both Shafer & Braden and the Pond Engineering Company. The writer overlooked the fact that the Court of Civil Appeals reversed the judgment of the District Court as to the Pond Engineering Company, from which no writ of error was taken to this court, and that matter was not before us.

We now correct the judgment as entered upon that motion on the 3rd day of June, 1895, and enter the following judgment in lieu thereof: For the error of the District Court in sustaining the defendants' exceptions to the plaintiff's original and amended petition, and in sustaining the exceptions as to the said petition, as amended by the trial amendment, and the error of the Court of Civil Appeals in not sustaining the assignment of plaintiff in error based on that ruling, the judgments of the District Court and of the Court of Civil Appeals are reversed and the cause remanded as to the plaintiff in error, the Warner Elevator Manufacturing Company; and the said judgment of the Court of Civil Appeals is affirmed as to Shafer & Braden and the Pond Engineering Company, with the direction, that the execution of the judgment of the District Court in favor of Shafer & Braden be suspended until the determination of this case, so far as may be necessary to secure the rights of equal distribution of the proceeds of the property among the several parties entitled thereto.

Delivered June 13, 1895.