WICHITA FALLS SASH & DOOR CO. v. JACKSON et al. (No. 1332.)

(Court of Civil Appeals of Texas. Amarillo. April 10, 1918. Rehearing Denied May 8, 1918.)

1. CONSTITUTIONAL LAW &#9901;34 — SELF-EXECUTING PROVISION OF CONSTITUTION.

Const. art. 16, § 37, providing mechanics shall have a lien on the buildings and articles made or repaired, and that the Legislature shall provide for speedy and efficient enforcement thereof, gives an enforceable lien without action by the Legislature.

2. MECHANICS' LIENS &#9901;198 — "ARTICLES MADE"—PRIORITY—RELINQUISHMENT — NOTICE.

There being no statute providing a method of giving notice of mechanic's lien on "articles made," that is, personal property, Rev. St. 1911, §§ 5621, 5622, 5624, relating only to buildings, any right of priority of lien of one who having constructed store fixtures for the lessee of a store, surrendered them to the lessee, who put them into the building, was relinquished as against the lien of the landlord, who was given no actual notice of such lien.

Appeal from Wichita County Court; Harvey Harris, Judge.

Actions by the Wichita Falls Sash & Door Company and by J. L. Jackson against Nick Pappas and others were consolidated. From an adverse judgment, the plaintiff company appeals. Affirmed.

Carrigan, Montgomery & Britain, of Wichita Falls, for appellant. T. R. Boone and E. H. Eddleman, both of Wichita Falls, for appellees.

HUFF, C. J. This is a contest as to priorities between an asserted material and mechanic's lien, and the landlord's lien. Appellee, J. L. Jackson, owned what is known in the record as the Herne Café, and leased the same by written lease to Nick Pappas and C. E. Cartevinis, March 31, 1916, for a term of two years and six months from that date for the agreed rental of $75 per month. It was stipulated therein that the lessor should have the lien to secure the rent upon all goods, wares, chattels, implements, fixtures, furniture, tools, or other personal property which are or may be placed on the premises. The tenants went into possession on the date of the contract, and continued therein as tenants under the contract until January 1, 1917, but failed to pay the rents for the balance of August, 1916, and for the months of September, October, November, and December, 1916, amounting to the sum of $325. At the time of the lease contract and at the time the tenants took possession of the café there was in the building certain designated personal property which is not necessary to describe. During the year 1916 and prior thereto the appellant, the Wichita Falls Sash & Door Company, was a duly incorporated company under the laws of Texas; its business being the furnishing of labor and material and the erection of screen doors, tables, shelves, iceboxes, counters, mirrors, back cases, and also sash and doors. On the 15th of April, 1916, the appellant contracted with the tenants aforesaid to furnish the labor and material to construct and make for the tenants a back counter for the sum of $125, and another counter for $120, and charged for extra labor in placing the same $17.25, two screen doors, $7, and screen wire for two doors $3.25, and also between the above date and the 22d day of June, 1916, several other articles were made, the material and labor of which was done and furnished by appellant to the tenants. Some of the items appear to have been for repairs or addition to other articles. The aggregate amount of the labor and material so furnished totaled $469.75, with credits amounting to $200, leaving a balance due on the account of $269.75. All the articles so furnished, together with the labor thereon, were placed in the café on or before June 22, 1916. The appellant filed its verified account to fix a mechanic's lien on the above articles with the county clerk of Wichita county on August 29, 1916. The appellant and the appellee each sued the tenants Pappas and Cartevinis on their respective claims, seeking to foreclose their liens on the property in question. Jackson, by his suit, also made appellant the Wichita Falls Sash & Door Company and others parties. Other parties also sued the tenants to establish debts against them, and sued out attachments. These latter parties are not complaining in this court, and it will be unnecessary to further mention them. All the cases were consolidated in the lower court and tried before the court without a jury. The court rendered judgment for Jackson against

---

&#9901;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Pappas and Cartevinis for the sum of $325, foreclosing his landlord's lien upon all the articles in the café, including those upon which appellant claims a mechanic's lien; also rendered judgment for the Wichita Falls Sash & Door Company against Pappas and Cartevinis, for the sum of $269.75, foreclosing the lien on the articles upon which it claimed a mechanic's lien subject to the landlord's lien. The decree directed that the articles other than those upon which appellant claimed a lien be first sold, and that the articles upon which a lien was given to appellants be next sold and the proceeds be first applied to the remainder of the judgment in favor of Jackson, etc.

[1] Under the first assignment appellant, by proposition, asserts that mechanics and materialmen, under article 16, § 37, of the Constitution, have a lien upon articles made or repaired by them for the value of the labor done thereon and material furnished, superior to the landlord's lien. The Constitution gives mechanics and materialmen of every class a lien upon articles made or repaired by them for the value of the labor done thereon or material furnished therefor, and provides that the Legislature should by law make provision for the speedy and efficient enforcement of the lien. Our Supreme Court has settled that this provision of the Constitution gives such lien to the class named independent of the statute, and if no law has been passed in obedience to this provision the general rule of equity would govern the foreclosure of the lien. Warner Elevator Co. v. Maverick, 88 Tex. 489, 30 S. W. 437, 31 S. W. 353, 499; Implement Co. v. Electric Co., 74 Tex. 605, 12 S. W. 489; Trammell v. Mount, 68 Tex. 210, 4 S. W. 377, 2 Am. St. Rep. 479; Johnson v. Amarillo Implement Co., 88 Tex. 505, 31 S. W. 503; Strang v. Pray, 89 Tex. 525, 35 S. W. 1054. We understand from the above authorities and many others, while the Legislature has the power to provide for a speedy remedy, the mere fact that the mechanic has not complied with the statute as to the time of filing his lien, notice, and the like, the lien as between the original parties would not be defeated, but may be enforced. It is true, we think, that if after work done or material furnished the mechanic, within the time prescribed by law, files his lien, it will relate back to the date when such labor or material was furnished, and will be superior to an intervening contract lien created after the inception of the mechanic's lien. Oriental Hotel Co. v. Griffith, 88 Tex. 574, 33 S. W. 652, 30 L. R. A. 765, 53 Am. St. Rep. 790; Sullivan v. Coal Co., 94 Tex. 541, 63 S. W. 308, and authorities above cited. As we understand, the effect of the authorities is that the Legislature, under the Constitution, may prescribe such things done as may be deemed necessary for the protection of the owner or purchaser of property.

[2] The lien contended for by appellant is for labor and material furnished upon "articles made or repaired," as distinguished from a building. It is asserted that "articles," as used in the Constitution, was used in the ordinary sense of the word, and therefore referred to such articles as would fall under the designation of personal property, as distinguished from buildings. It is contended by appellee that article 5621, R. C. S., does not relate to "articles made or repaired," but only refers to such articles when used to erect, repair, or improve a building, giving the parties so furnishing the articles a lien on the building and land, and to secure such lien, and that the filing of the original contract or a verified account in the county clerk's office and recorded in the mechanic's lien records, as provided for by articles 5622 and 5624, does not apply to this case. In this contention we think appellee correct. Appellant in some measure concedes that the articles above named do not here apply. If they do not apply, then the filing of the bill of particulars with the county clerk for record would not constitute notice to the landlord. The appellee further contends that articles 5665–5667, are the articles which relate to articles made or repaired. By these statutes it is provided if any article shall be repaired with labor and material or with labor without furnishing material by any carpenter or other workman, such mechanic is entitled to retain possession of the article until the amount due for repairing by contract is fully paid. It is doubtful if these articles refer to "articles made" mentioned in the Constitution. If any of the articles were repaired the mechanic, if he relinquishes possession to the owner, could not again recover them. This was held by two different courts. Caldwell v. Auto Sales & Supply Co., 158 S. W. 1030; Ford Motor Co. v. Freeman, 168 S. W. 80. However, the constitutional question was not considered in those cases, and the question of a lien fixed thereby was not discussed in either case.

As to articles made, we think the Constitution gives a lien to secure the amount due for labor and material, and, as found by the trial court in this case, could be foreclosed. We do not find any statute, and have not been pointed to one, which provides a method of giving notice of such lien to subsequent mortgagees or lienholders. Such mechanic's lien may have a preference over the landlord's lien if when the article was placed in the building the landlord had notice thereof. It occurs to us if the mechanic surrenders possession to his employer, and permits him to place the article in the building rented without notifying the landlord, he would relinquish his preference right. As to third parties who have no actual notice of the labor having been performed or material furnished the lien we do not think enforceable as a preference one. De Bruin v. San Domingo, etc., 194 S. W. 654. The above

case cites and discusses the authorities with reference to mechanic's lien and its effect with reference to notice and the requirements of the statute in regard thereto. It has been held in this state that a landlord is a creditor, and when property is placed in his building by the tenant prior to the time of recording a chattel mortgage thereon that the landlord's lien has preference. Furniture Co. v. Hotel Co., 81 Tex. 135, 16 S. W. 807; Low v. Troy Laundry Co., 160 S. W. 136, and authorities cited; Rogers v. Griggs, 29 S. W. 654. In this case the current contract year began March 31, 1916. The property was placed in the building thereafter and before June 22d following. The default on the rent occurred in August, September, October, November, and December of that year, for which judgment was rendered. The statute fixed the lien for the current contract year, even if the contract was for a longer term. Article 5490, R. C. S.; Allen v. Brunner, 33 Tex. Civ. App. 128, 75 S. W. 821; Low v. Troy, etc., supra. We do not believe that this case comes within that class of cases where precedence is given to laborer's lien over existing liens. In that class of cases the preference right rests upon the principle that it is as much benefit to the mortgagee as to the mortgagor. So far as the facts show, the property in this case was delivered to the tenant and placed in the building without any notice to others that there was a prior lien.

We believe the judgment should be affirmed.

HALL, J., not sitting.

---

⊗═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes