## ASTON v. ALLISON.
### No. 11892.

Court of Civil Appeals of Texas. Dallas.
Feb. 29, 1936.

Haney, Craig, De Shazo, Van Nort & Hyde, of Dallas, and Ashworth, Crisp & Ashworth, of Kaufman, for plaintiff in error.

Ross Huffmaster, of Kaufman, for defendant in error.

JONES, Chief Justice.

This suit was instituted by H. L. Allison, defendant in error, against plaintiffs in error, S. W. Aston and Mrs. S. W. Aston, husband and wife, to recover a balance due defendant in error on an alleged contract with Mrs. S. W. Aston, to repair the damages done by fire to a business building in the town of Mabank, Kaufman county, Tex. The building in question was alleged to be owned by her in her own separate right. The case was tried to a jury, submitted on special issues, and judgment entered in favor of the defendant in error, H. L. Allison, against Mrs. S. W. Aston, for the sum of $500, with interest at the rate of 6 per cent. per annum from February 15, 1931, making a total sum of $583, together with the foreclosure of a constitutional lien upon the property. The appeal has been duly perfected to this court, and the following are the necessary facts:

Mrs. Aston owned in her own separate right the business property, lots 23 and 24 in block 61 of the town of Mabank, Kaufman county, and the building situated thereon. At the time of the fire, this building was occupied by the Texas Power & Light Company and was damaged to such an extent as to render it untenantable. Defendant in error contracted with Mrs. Aston and her husband to furnish the necessary materials and labor to repair the building, so that it could be used by a tenant, for the sum of $1,100, and previous to the institution of the suit, he had received the sum of $600 on this contract and a promise to pay the balance, but was informed later by Mrs. Aston that she did not have the money, and afterward denied owing any balance. Suit was then instituted. At the time of the trial of the case, S. W. Aston had become insane and was represented by a guardian ad litem, appointed by the court.

As the sufficiency of the petition to support the judgment is challenged, we copy so much thereof as alleges the cause of action: "That these defendants are husband and wife and the defendant Mrs. S. W. Aston is the owner in fee simple in her own separate right of the following described property, to-wit: The lot and building situated in the City of Mabank, Kaufman County, Texas, and occupied by the Texas Power & Light Company, and that there was a fire in said building and it was about the year 1931, which caused damage thereto and this plaintiff was employed to repair said building and to furnish material and labor therefor; and that there is still due him on the contract the sum of $577.43 which is long since past due and though often requested, the defendants have failed and refused to pay same. That the said material and labor furnished to repair said building being for the sole and separate use and benefit of the separate estate of Mrs. S. W. Aston, she and her separate estate are therefore liable to this plaintiff for the same and that he prays judgment against her for same, together with interest from about the 20th day of February, 1931, at the rate of six per cent per annum and for all other and proper relief in the premises."

Mrs. Aston specifically denied in her answer the existence of the contract between herself and the defendant in error, for the repairs of the building, and denied that such contract, if any, was entered into with her knowledge and consent. She also claimed that the "repairs, material and labor on said building were of inferior workmanship and shoddy material and the repairs on said building have not added to the value thereof and the amount that has been paid to the plaintiff by the defendant, S. W. Aston, exceeds the value of said repairs." Mrs. Aston also filed a cross-action against defendant in error, because of the writ of sequestration that was sued out, and alleged that she was deprived of monthly rentals, by reason of the wrongful suing out of the writ of sequestration, in the sum of $1,000. Defendant in error, by second

supplemental petition, alleged at great length to the effect that the repairs on the building enhanced its value to the amount of said repairs, and denied that inferior materials went into the building, or, in other words, made a complete denial and answer to Mrs. Aston's defense of inferior material and workmanship.

Over the objection of Mrs. Aston that the special issues submitted by the court were not supported by evidence, the court submitted the following special issues: "Question No. 1: Did the defendant, Mrs. S. W. Aston, on or about the 15th day of February, A. D. 1931, enter into an agreement with the plaintiff to make certain repairs on a certain store building situated in Mabank, Texas, to-wit, lots 23 and 24, in Block 61, in said town? Answer 'yes' or 'no.'" Dependent upon an affirmative answer to issue No. 1, the court submitted issue No. 2: "Question No. 2: What sum of money, if any, do you find the defendant Mrs. S. W. Aston is due and owing to the plaintiff for the repairs, if any, made on the building in question? Answer in dollars and cents." To the first issue the jury gave the affirmative answer of "Yes"; to the second issue, the jury answered "$500." In accordance with these answers, the court entered the judgment above described, with a judgment against plaintiffs in error on the cross-action.

■ The findings of the jury are supported by evidence and are adopted as the findings of this court on the disputed issues submitted. The evidence of defendant in error is sufficient to support the findings of the jury on the submitted issues. The testimony shows that he and S. W. Aston came to Dallas to see Mrs. Aston, at her home in Dallas; that she entered into the agreement for the repairs of her house by defendant in error, and this is sufficient to sustain the finding of the jury on issue No. 1. The assignment of error that such finding is unsupported by the evidence is overruled.

■ Section 37 of article 16 of our Constitution declares that, "Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens." It will be noted that, while appellee's petition alleges that material and labor were furnished by him for the repair of the building, it does not specifically allege the existence of a constitutional lien by reason of the furnishing of the material and labor, nor does it specifically pray that such lien be declared and foreclosed. This is not necessary to support the judgment declaring a constitutional lien. The section of the Constitution, above quoted, creates a lien whenever there is a contract to repair a building and material and labor are furnished for such purpose. Said section 37 of article 16 is self-executing, and exists independent of the statutes (Vernon's Ann. Civ.St. art. 5452 et seq.) enacted by the Legislature "for the speedy and efficient enforcement" of liens thus created. McBride v. Beakley (Tex.Civ.App.) 203 S.W. 1137; Wichita Falls Sash & Door Co. v. Jackson (Tex.Civ.App.) 203 S.W. 100; City Nat. Bank of Wichita Falls v. Laughlin (Tex.Civ.App.) 210 S.W. 617; Fagan & Osgood v. Boyle Ice Machine Co., 65 Tex. 324; Warner Elev. Mfg. Co. v. Maverick, 88 Tex. 489, 493, 30 S.W. 437, 31 S.W. 353, 499.

■ All assignments of error attacking the judgment of the court, because the statutes providing for enforcement of this lien were not followed, are overruled, there being no question of homestead in this case.

■ The judgment is attacked because there was no specific prayer for foreclosure. This is not necessary where the petition shows by proper allegations, as in the instant case, that the contract was entered into by the owner of the building for such repairs, and in pursuance of such contract the contractor furnished the material and labor for making the repairs, and that a debt existed by reason of the material furnished and the labor employed in the execution of the contract for repairs, provided there is a prayer for general relief. Of course, the alleged facts must be sustained by evidence. The petition in the instant case prayed "for all other and proper relief in the premises." This is sufficient to give to the defendant in error the full relief called for by his petition and by the evidence. Weimhold v. Hyde (Tex.Civ. App.) 294 S.W. 899; George v. Williamson (Tex.Com.App.) 23 S.W.(2d) 675. All assignments of error on this issue are overruled.

It necessarily follows that, in our opinion, the judgment of the lower court should be affirmed, and it is so ordered.

Affirmed.