## SAN JACINTO FINANCE CORP. v. KELLEY et al.

No. 12284.

Court of Civil Appeals of Texas. Galveston.

April 19, 1951.

Rehearing Denied May 31, 1951.

J. A. Collier, Morris Pepper, Fred Lewis, all of Houston, for appellant.

Cole, Patterson, Cole & McDaniel and T. R. Kircheimer, all of Houston, for appellee.

GRAVES, Justice.

This statement, in substance made by the appellant and adopted by appellee, George McWilliams, as being substantially correct, is thought to present a sufficient basis for this opinion, to-wit:

"Appellant, San Jacinto Finance Corporation, as payee of a promissory note executed by one Wallace A. Kelley, sued Kelley in the County Court at Law in and for Harris County, Texas, on said note, and sought foreclosure of its chattel mortgage lien on a 1941 Pontiac automobile. Appellant also made George McWilliams, Appellee, a party Defendant, alleging that Appellee had possession of said automobile and was claiming a lien on the same, but which lien, however, was inferior and subordinate to Appellant's chattel mortgage lien. Appellee filed a cross-action and claimed that, by virtue of a contract with Kelley, he repaired said automobile, and, not being paid, he had a statutory and constitutional lien on said vehicle, which lien was superior and prior to Plaintiff's chattel mortgage lien. Both Appellee and Appellant prayed for a judgment establishing and foreclosing their liens as prior liens. At the instance of the Appellant, a writ of sequestration issued and said vehicle was seized from the possession of the Appellee, and subsequently Appellant replevied the vehicle.

"On the trial of the cause, the testimony was undisputed; that on February 2, 1950, Kelley purchased the 1941 Pontiac automobile from Appellant, San Jacinto Finance Corporation, and on same date, Kelley executed a promissory note in the sum of $372.84 payable to the order of San Jacinto Finance Corporation in twelve (12)

monthly installments of Thirty One and 07/100 ($31.07) Dollars each. That to secure said promissory note, on February 2, 1950, Kelley executed unto the Appellant a chattel mortgage on said automobile; that Kelley filled out an application for a certificate-of-title, which disclosed Appellant's vendor's lien for $372.84, and an employee of Appellant filed said application with the Tax Assessor Collector of Harris County, Texas, on February 14, 1950; that a Tax Collector's receipt for title application was executed by the office of the Tax Assessor Collector of Harris County, Texas, on February 14, 1950; that said receipt revealed that Appellant had a lien, dated February 2, 1950, on said automobile in the amount of $372.84; that subsequently, a certificate of title was received by the Appellant from the State Highway Department, which showed a lien in favor of the Appellant on said automobile in the sum of $372.84; that Kelley defaulted on said note by failing to make any payments as they became due; that thereafter, Appellant declared the entire unpaid balance due and payable.

"The testimony was also undisputed that Appellee, George McWilliams, was in the automobile paint and body shop business; that Kelley brought said automobile to Appellee's shop on February 12, 1950, between 9:00 and 9:30 A. M. o'clock, and Kelley requested Appellee to repair said car; that Appellee commenced working on said vehicle on February 12, 1950; that work was also done on said automobile on February 13, 1950, and February 14, 1950, and it was almost midnight of February 14, 1950, that said repairs were completed; that Appellee never was paid for work performed on said vehicle; Appellee testified that he was holding the car for the unpaid charges for repairs and services; and the testimony is also without dispute that the Appellee, George McWilliams, did not record his alleged Mechanic's lien."

It may be further stated that appellee sued the defendant, Wallace A. Kelley, as and for his debt, and recovered judgment for it; he also sued Kelley to establish and foreclose his alleged constitutional and statutory lien on the car securing it, as well as for foreclosure thereof, which additional relief the court awarded him.

As is apparent, the sole question of law the appeal presents is one as to which of the parties had the prior lien upon the automobile—no issue as to title thereto having been presented.

The trial court, on what this Court finds to have been the undisputed evidence upon the material issues of fact, rendered judgment in favor of the appellee, holding that his declared-upon constitutional lien for the repairs he made upon the automobile was prior and superior to the appellant's recorded chattel-mortgage lien, and that the appellee was entitled to his debt, with foreclosure on the car to secure its payment.

In this Court the appellant, through three points of error, urges that its declared-upon chattel-mortgage lien was recorded, as required by law, whereas the appellee's asserted constitutional one was not; but that the appellee "had constructive notice of appellant's lien, when he began his repairs on the car, hence incurred a duty to inquire what interest appellant, as such mortgagor, then had in the vehicle, but failed to do so, in consequence of which his rights became inferior and subordinate to those of appellant."

In support of its position, appellant cites many authorities, the principal ones of which are these: Art. 1436-1, Vernon's Texas Penal Code, Sections 1, 42, 43, 44, 46; Commercial Credit Co. v. American Manufacturing Co., Tex.Civ.App., 155 S. W.2d 834; Clynch v. Bowers, Tex.Civ. App., 164 S.W.2d 768; Higgins v. Robertson, Tex.Civ.App., 210 S.W.2d 250, Ref. N. R.E.; Lintner v. Neely, Tex.Civ.App., 97 S.W.2d 349; Lithgow v. Sweedberg, Tex. Civ.App., 78 S.W. 246; Clade v. National City Bank of Waco, Tex.Civ.App., 229 S. W.2d 815, Ref. N.R.E.; Dahse v. National City Bank of Waco, Tex.Civ.App., 234 S. W.2d 102.

This Court holds that the trial court was correct, and that its judgment should be affirmed. Indeed, it seems to it that, upon the legal equivalent of the same state of facts, the lien-priority controversy here in-

volved has already been foreclosed in favor of the judgment so rendered by our courts in these, among many other, holdings: Hill v. The Praetorians, Tex.Civ.App., 219 S. W.2d 564; Warner Elevator Manufacturing Co. v. Maverick, 88 Tex. 489, 30 S.W. 437; Id., 88 Tex. 489, 31 S.W. 353, 499; Wichita Falls Sash & Door Co. v. Jackson, Tex.Civ.App., 203 S.W. 100; McBride v. Beakley, Tex.Civ.App., 203 S.W. 1137; City National Bank of Wichita Falls v. Laughlin, Tex.Civ.App., 210 S.W. 617; Warner Memorial University v. Ritenour, Tex.Civ.App., 56 S.W.2d 236 (error refused); Towery v. Plainview Bldg. & Loan Ass'n, Tex.Civ.App., 99 S.W.2d 1039 (error refused).

Especially, it is thought, do the cases of Shirley-Self Motor Co. v. Simpson, Tex. Civ.App., 195 S.W.2d 951, and Christian v. Boyd, Tex.Civ.App., 222 S.W.2d 157, 159, directly exclude the application of appellant's stated theory to the undisputed facts here.

Without deeming it necessary to here quote the Constitutional provision, this much of the Court's opinion in the Christian v. Boyd case directly determines appellant's controlling presentments adversely to it, to-wit:

"Under the provisions of Section 37 of Article 16 of our State Constitution, Vernon's Ann.St., the Motor Co. in this case also had a valid mechanic's lien on the ambulance-coach here involved; the constitutional provision is self enacting and requires no legislative act to make it effective. Shirley-Self Motor Co. v. Simpson, Tex.Civ.App., 195 S.W.2d 951, and authorities there cited. The mechanic's lien is fixed by the constitutional provision and its priority over other liens depends upon the nature and status of such other liens, if any exist.

"In 1939 the Legislature passed Article 1436–1, Vernon's Ann. Penal Code, known as the 'Certificate of Title Act.' Referable to liens on motor vehicles, the cited statute repealed all previous laws pertaining to registration of chattel mortgage liens on motor vehicles and has been construed as providing that the only means of pre-serving liens on motor vehicles, as against subsequent innocent purchasers and lien holders, was that such liens must be made to appear in the certificate of title issued by the Highway Department. Commercial Credit Co., Inc. v. American Mfg. Co., Tex. Civ.App., 155 S.W.2d 834, writ refused.

"Prior to the passage of the certificate of title act, supra, it was the settled rule of law in Texas that a duly registered chattel mortgage lien on a motor vehicle was superior to a mechanic's lien on such vehicle acquired subsequent to the registration of the chattel mortgage lien; this because the registration of the chattel mortgage in the county clerk's office furnished to the mechanic constructive notice of its existence. Commercial Credit Co. v. Brown, Tex.Com.App., 284 S.W. 911, and the many cases following it shown in Shepard's Citations. *But since the passage of the certificate of title act,* which, as we have pointed out, supersedes the chattel mortgage lien registration laws, *such registration in the county clerk's office furnishes no constructive notice to an innocent purchaser or lien holder.*" (Emphasis added.)

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.