## WARD COUNTY IRR. DIST. NO. 1. v. WESTERN UNION TELEGRAPH CO.   (No. 1244.)

(Court of Civil Appeals of Texas. El Paso Oct. 18, 1923.)

1. **Courts** ⬤—155—District court has jurisdiction of all suits to enforce liens upon land.

District court has jurisdiction of all suits to enforce liens upon land.

2. **Taxation** ⬤—155—Telegraph lines and poles for the purposes of taxation are regarded as realty.

Under Rev. St. art. 7683, telegraph lines and poles for the purposes of taxation are regarded as realty.

3. **Courts** ⬤—122—Insufficiency of description in suit to enforce lien upon land will not defeat jurisdiction.

Mere insufficiency of description being amendable will not defeat the jurisdiction of the district court in a suit to enforce a lien upon land.

4. **Appeal and error** ⬤—866(1) — On appeal from dismissal for want of jurisdiction, merits of case cannot be determined.

On appeal from a judgment dismissing a suit for want of jurisdiction, the merits of the case cannot be considered.

Appeal from District Court, Ward County; Chas. Gibbs, Judge.

Suit by the Ward County Irrigation District No. 1 against the Western Union Telegraph Company. From judgment of dismissal, plaintiff appeals. Reversed and remanded.

Birge Holt, of Barstow, and J. E. Starley and W. A. Hudson, both of Dallas, for appellant.

John B. Howard, of Pecos, for appellee.

HIGGINS, J. Appellant brought this suit in the district court to recover delinquent taxes levied and assessed by it against appellee, together with interest, penalties, and costs, amounting in the aggregate to less than $100, and to establish and foreclose a lien upon the property against which the taxes were levied. In the petition it is averred "that said taxes with interest, penalty, and costs are a lien upon each tract or lot of land of the following described lands situated in Ward county, state of Texas, and within the said Ward county irrigation district No. 1, to wit, 5⅝ miles of telegraph lines and poles."

In the tax statement attached as an exhibit to the petition the property is described as "5⅝ miles telegraph lines." The property is not otherwise described, nor is there any allegation as to its value.

Appellee excepted to the petition upon the ground that the court had no jurisdiction over the subject-matter. The exception was sustained, and the suit dismissed.

Appellee, in support of the judgment, asserts that the suit was for an amount less than that of which the district court has jurisdiction, and to foreclose a lien upon personal property, and therefore the plea was properly sustained.

[1, 2] The district court has jurisdiction of all suits to enforce liens upon land, and for the purpose of taxation telegraph lines and poles are regarded as realty. Article 7683; R. S.; Keating, etc., v. Marshall, etc., 74 Tex. 605, 12 S. W. 489; 37 Cyc. 854; notes in 66 L. R. A. 56, and 15 L. R. A. 299; American U. Tel. Co. v. Middleton, 80 N. Y. 408; Tel. Co. v. State, 9 Baxt. (Tenn.) 509, 40 Am. Rep. 90.

[3] This being the case, the district court had jurisdiction by virtue of the asserted lien and the suit to foreclose it. It is also urged that the description of the property is insufficient to warrant a foreclosure decree, but however defective the description may be, it cannot change its status as realty. Mere insufficiency of description is amendable, and will not in any case defeat the jurisdiction of the district court in suits to foreclose liens upon land.

[4] Other propositions presented in the briefs relate to the merits of the case, but these cannot be considered, because there

---

⬤—For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

has been no trial upon the merits. This appeal involves only the correctness of the court's ruling and action upon the jurisdictional question.

Reversed and remanded.