THE METROPOLITAN TRUST COMPANY ET AL. v. FARMERS' & MERCHANTS' NATIONAL BANK ET AL.

No. 381.—Decided March 16, 1896.

### 1.   Appeal in Receivership Cases—Final Judgment.

While the right of appeal lies upon the action of the trial court, upon an intervention in receivership proceedings, in allowing or disallowing the claim of the intervenor, it does not follow that when the final judgment has been rendered in the main proceeding a party at interest may not appeal from such general judgment, and from the special decrees rendered at the same term in favor of the intervening creditors in the one proceeding, by making all persons adversely interested parties to the appeal.   (P. 331.)

### 2.   Same—Practice.

A separate appeal from the judgment upon each intervention causes unnecessary labor and expense, and is a practice not to be encouraged. The rights of the parties can be best determined on appeal when all are before the court.   (P. 331.)

QUESTIONS CERTIFIED by Court of Civil Appeals for Third District in an appeal from McLennan County.

*Robertson & Davis,* for motion to dismiss.—This appellee moves to dismiss this appeal for the following reasons:

1.   Because the appellants have united, in one appeal, thirty-three distinct and separate suits, in each of which is a final judgment, applicable only to the distinct and separate suit, in which it was rendered.

2.   Because no general judgment in this cause, final or otherwise, is appealed from, this appeal being only from the thirty-three interventions in this cause, in each of which there is a final judgment.

3.   Because, even if the final and other general judgments could be considered as comprehended in the general bond of appellants, still appellants could not appeal from the same, because no notice of appeal was given in open court or otherwise.

4.   Because the appellants in this case cannot appeal jointly, for the reason that their claims to the fund are distinct, and because The Metropolitan Trust Company is the only party who excepts to the judgment in favor of appellee, and the only party who gives notice of appeal from said judgment.

A decree on intervention is final, and either party may appeal from it. Fagan v. Boyle, 65 Texas, 324; N. C. Trust Co. v. M. R. Co., 48 Fed. Rep., 850; Cowdrey v. Railway, 3 Otto, 352.

Error to join in one appeal several distinct judgments affecting dif-

ferent parties, though made in same case. Renn v. Samos, 42 Texas, 104.

Parties whose claims to a fund are distinct can not appeal jointly. White's Appeal, 42 Leg. Int. (Pa.), 18; Adamson's Appeal, 110 Pa. St., 459.

In composition proceedings taken by an insolvent debtor one creditor can not appeal from the allowance of a claim of another against the estate. Hustin v. Worihly, 83 Me., 352.

No one can appeal without excepting and giving notice of appeal.

*Clark & Bollinger,* for appellants.

GAINES, CHIEF JUSTICE.—The following question has been certified for our decision by the Court of Civil Appeals for the Third Supreme Judicial District: The above cause is pending in the Court of Civil Appeals of the Third Supreme Judicial District of Texas:

"This court at a former day of the term dismissed the appeal because more than one final judgment was appealed from and embraced in the appeal. For a statement of the cases and judgments rendered embraced in this appeal reference is made to the brief of appellant, which is hereto attached and made a part of this certificate. A motion of rehearing is pending in this court.

"The Court of Civil Appeals of the Third Supreme Judicial District of Texas certifies to the Supreme Court of Texas the following question: From the case as stated, has this court jurisdiction to hear and determine the matters in controversy, there being more than one judgment appealed from, or was the dismissal of the case because there was more than one final judgment embraced in the appeal proper and correct?"

The statement referred to shows that a suit was first instituted by Early, an unsecured creditor, against the Waco Electric Light and Railway Company, in which an attachment was sued out and levied upon the property of the defendant corporation and a receiver appointed at the instance of the plaintiff; and that shortly thereafter the Metropolitan Trust Company filed its suit against the same defendant for the foreclosure of a mortgage upon its property, which suit was consolidated with that of Early and the same receivership continued. The General Electric Company, having in some way become a party and filed its answer, claimed a lien upon certain specific property sold by it to the Waco Electric Light and Railway Company, for the purchase money of the property so sold.

More than thirty parties intervened, claiming to be creditors of the defendant corporation with priority of lien, mainly under the statutes of the State with reference to receiverships. Their claims having been allowed to the detriment of the plaintiffs in the two suits, which were consolidated, and of the General Electric Company, as claimed by them, these parties appealed to the Court of Civil Appeals and there sought a reversal of the judgments. We think the statement shows, that the judgments in favor of the intervening creditors were entered at the same term of the court at which the general judgment was rendered.

In Fagan v. Ice Machine Company, 65 Texas, 324, it is held, that when a creditor has intervened in a suit in which a receiver has been appointed, for the purpose of establishing a claim against the property, and his claim has been contested before the court, the action of the court allowing or disallowing the claim becomes a final judgment, from which any party to the contest may have an appeal. It does not follow, however, that when the final judgment has been rendered in the main proceeding, a party at interest may not appeal from such general judgment and the special decrees rendered at the same term in favor of the intervening creditors, in one proceeding, by making all parties adversely interested parties to the appeal. Our laws no more favor multiplicity of appeals than multiplicity of suits; and when it can be done, we think it a proper and convenient practice to revise the entire decree in one proceeding.

The fact that an intervention in a case like that before us may be treated, for the purpose of an appeal, as a distinct case, affords no sufficient reason why the final judgment which settles the priority of liens, or recognizes the priority as previously adjudged in each intervention, may not be appealed from as one judgment. A separate appeal from the judgment upon each intervention causes unnecessary labor and expense, and in our opinion is a practice not to be encouraged. Besides, the rights of the parties can be best determined in the Appellate Court when all are before it. The practice here approved is held to be proper by the Supreme Court of California, under the code of that State, which we apprehend lays down the rule as recognized in this State. (In re California Mut. Ins. Co., 81 Cal., 364.)

We conclude from the case stated that the Court of Civil Appeals had jurisdiction to determine the matters in controversy, and that the appeal should not be dismissed.