**FERRELL et al. v. ERTEL et al.**

No. 13425.

Court of Civil Appeals of Texas. Fort Worth.

March 13, 1936.

Rehearing Granted May 8, 1936.

Charles Kassel, Melvin F. Adler, and Slay & Simon, all of Fort Worth, for appellants.

Perkins & Culbertson, Arthur Lee Moore, and McGown & McGown, all of Fort Worth, for appellees.

BROWN, Justice.

The matter before us arose out of a receivership had in the Ninety-Sixth district court of Tarrant county, Tex., in the cause styled Edward E. Ertel v. Ertel Oil Properties, Inc.

Wm. Cameron & Co. is an intervener and interested in the distribution of the proceeds of the estate of the Ertel Oil Properties, Inc., placed in receivership, and R. R. Ferrell occupies a similar situation as an intervener. As is customarily done in receiverships, many claims and interventions were filed and heard by the court from time to time. We find that on October 2, 1935, the trial court made an order approving claims. Such an order is not a final judgment, and the order under review does not purport to be a final judgment. It is such a recommendation as would be made to a trial court by a master in chancery, whose duty it was to go into the claims and interventions and either reject or allow them, and recommend to the trial court the judgment to be entered. No attempt was made in this order to dispose of the issues of priority as between the claims.

On November 8, 1935, as appears in the transcript, on pages 85 and 86, the court entered another order, in which he adjudged the priorities, and the following language is used: "And it is accordingly ordered, adjudged and decreed by the court that the receiver herein, out of the moneys coming into his hands as receiver pay all current expenses of operating the oil and gas lease owned by this estate and described in plaintiff's petition herein filed; that out of said moneys he shall next pay the claim of Continental Supply Company, including interest, herein allowed; and out of said moneys he shall next pay ratably all claims heretofore allowed in this cause

as expenses of administration and/or administration costs; that out of said moneys he shall next pay the claims of Wm. Cameron & Co., Inc., in the amounts heretofore allowed and the claims of R. R. Ferrell adjudged to be secured by a Mechanic's and/or Materialman's lien ratably and for the amounts allowed; that said moneys coming into his hands shall by the receiver herein next be applied to the payment ratably of the remaining claims heretofore allowed in this cause except the claim of the plaintiff E. E. Ertel, which such claim is made inferior and subordinate to all other claims allowed in this cause and no part of said claim of plaintiff shall be paid until all other claims herein allowed have been paid in full including interest; to which action of the court the interveners Wm. Cameron & Co., Inc., and R. R. Ferrell duly excepted and gave notice of appeal to the Court of Civil Appeals for the Second Supreme Judicial District of Texas, at Fort Worth."

We do not believe that this order is a final judgment. The appeal purports to have been taken from such order. A judgment cannot be entered by piecemeal, and in order for a final judgment to be made in this cause, we are of the opinion that all of the facts and issues found in the order, dated October 2, 1935, and in the order dated November 8, 1935, together with appropriate language, must be incorporated into and made the judgment of the court. It goes without saying that this can be entered nunc pro tunc as of November 8, 1935, and from which an appeal may be taken by any party feeling aggrieved at it.

We do not consider that the motions urged to strike the transcript and statement of facts are well taken; these being presented on the theory that all of the facts adduced at the trial do not appear in the statement of facts and that all of the pleadings filed in the trial court do not appear in the transcript. In a receivership hearing, where there are many interventions and claims, after a final judgment is rendered, any intervener, claimant, or party to the suit feeling aggrieved at the judgment, or any part thereof, may appeal, and we are of the opinion that it is a sound and wholesome rule to hold that only so much of the proceedings had before the court as are necessary to show that the jurisdiction of the court has been invoked; that the particular intervention or claim was presented; the disposition of such intervention or claim by the trial court; the judgment rendered according to such disposition; the notice of appeal by the aggrieved party and the proper steps perfecting the appeal, are necessary.

Most assuredly, as far as the statement of facts is concerned, such appealing party would be under no duty to bring forward any of the testimony and evidence introduced in the cause other than that which bore particularly upon the issue or issues, presented by such intervener or claimant, or interested party, who desires to take the appeal. Any other rule would impose upon the appealing party an unnecessary and expensive burden.

These observations made by us must of necessity be true, because, while there can be but one final judgment in a receivership case which must dispose of every litigant and issue presented to the trial court, nevertheless, the claim of each intervener or claimant is in truth and in fact a separate and distinct cause of action, and no other litigant, who is an intervener or claimant, is interested in such intervention or claim, except as to its justness or as to the priority given it by the trial court.

The motions to strike the transcript and statement of facts are overruled, and it follows that the motions to strike such motions need not be considered on the merits, but same will be dismissed by us without prejudice.

No party has made a motion to dismiss this appeal because no final judgment appears in the record, but this is a jurisdictional question and one which we cannot overlook. No final judgment having been found in the transcript, the appeal is dismissed without prejudice to the rights of the appealing parties to hereafter appeal from such final judgment as may be rendered in the trial court.

Appeal dismissed.

### On Motion for Rehearing.

Upon the authority of Keystone Pipe & Supply Co. v. Liberty Refining Co., 260 S.W. 1018, by the Commission of Appeals, the motion for rehearing by appellant is granted, and the order dismissing the appeal is vacated, and the cause is reinstated on the docket.