Ellen D. BAY et al., Petitioners,

v.

John W. MECOM, Trustee, et al.,
Respondents.

No. A–10697.

Supreme Court of Texas.

July 21, 1965.

Rehearing Denied Oct. 6, 1965.

Overton B. Banks, Houston, for petitioners.

J. L. LyBrand, Orgain, Bell & Tucker, Beaumont, for respondent Sun Oil Co.

Fouts, Moore, Williams & Caldwell, Joe E. Coleman, Houston, with above firm. C. B. Cain, Liberty, for respondents Mecom, Weaver & Freeport Sulphur Co.

CALVERT, Chief Justice.

Ellen D. Bay, Overton B. Banks and W. F. Hooks, petitioners, sought to appeal from two judgments of the District Court for the 75th Judicial District, Liberty County. The judgments were entered in causes numbered 16,695 and 16,695–A on the docket of the trial court. The Court of Civil Appeals dismissed the appeals of all three petitioners in both causes. 387 S.W.2d 482. We sever the two causes, and affirm the judgment of the Court of Civil Appeals in cause No. 16,695–A. In cause No. 16,695 we affirm the judgment of dismissal of the appeal of Ellen D. Bay, but reverse the judgment of dismissal of the appeal of Banks and Hooks. We remand cause No. 16,695 to the Court of Civil Appeals with directions to reinstate the appeal of Banks

and Hooks on the docket for a determination of the appeal on its merits.

■ The Court of Civil Appeals dismissed the appeals of all three petitioners in both causes because petitioners filed in that court a single transcript containing copies of all papers and orders relating to both causes and the separate judgments entered therein. In support of its action the Court of Civil Appeals cited Mohr v. Cochran, Tex.Civ.App., 49 S.W. 677 (1899), writ dismissed, and Missouri K. & T. Ry. Co. of Texas v. Davison, Tex.Civ.App., 55 S.W. 188 (1900). We do not consider those cases as controlling. The Court of Civil Appeals did not dismiss the appeal in Mohr v. Cochran; it struck the transcript and affirmed on certificate. This Court thereafter dismissed application for writ of error. Writ of error was not sought in Missouri, K. & T. Ry Co. v. Davison, and the opinion of the Court of Civil Appeals in that case clearly indicates an obvious misinterpretation by the court of Mohr v. Cochran. Neither is the action of the Court of Civil Appeals in this case supported by Chambers v. Fisk, 9 Tex. 261 (1852), cited by respondents. In that case the appellant sought to perfect an appeal from three different judgments by filing a single appeal bond, and the appeal was dismissed for want of a sufficient bond. That is not the situation in this case. While not precisely in point on the facts, the clear holding of this Court in Metropolitan Trust Co. v. Farmers' & Merchants' Nat. Bank, 89 Tex. 329, 34 S.W. 736 (1896), is that an appeal is not to be dismissed merely because more than one final judgment is appealed from and embraced in the appeal.

■ Rule 1[1] dictates that a liberal construction be given the Rules of Civil Procedure "to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." Rule 376 requires the clerk of a trial court to prepare a transcript un-

der the direction of the appellant, and Rule 370 enlists the cooperation of the appellant in including in the transcript only those documents and orders necessary to a full and fair consideration of the questions to be decided on the appeal. We find nothing in the Rules, however, which requires or authorizes the dismissal of an appeal, otherwise validly perfected, merely because the transcript includes matters unrelated to the appeal or matters relating to two causes and two judgments. Appellate review of trial court judgments disposing of the substantive rights of litigants is a valuable right and should not be denied when under a liberal interpretation of the Rules it is possible to give it. If any one or more of the three petitioners had a right to appeal and perfected one from the judgments in the two causes, or from either of them, they are entitled to have the appeal considered and decided on its merits.

The transcript filed in the Court of Civil Appeals contains four hundred and fifty-five pages. No good purpose would be served by analyzing it in detail in this opinion. It reflects that a suit by Ellen Bay against Mecom, Sun Oil Company, Weaver, Freeport Sulphur Company, Banks and Hooks, numbered 16,695 on the docket of the trial court, became three suits by virtue of orders of severance entered by that court. The three suits were numbered 16,695, 16,695–A and 16,695–B on the trial court's docket. Final judgments, of one type or another, were rendered in all three suits. While use of erroneous cause numbers on some of the papers filed and orders and judgments entered has created a confusion difficult to unravel, a careful analysis of the transcript leads us to the following conclusions: (1) Banks and Hooks had no right of appeal from the only final judgments entered in cause No. 16,-695–A. (2) Ellen Bay had a right of appeal from the judgment entered in cause No. 16,695–A, but she did not perfect her appeal therefrom. (3) Ellen Bay had no

1. All references to Rules are to Texas Rules of Civil Procedure.

right of appeal from the judgment entered in cause No. 16,695, and her effort to perfect an appeal therefrom is abortive. (4) Banks and Hooks had a right of appeal from the judgment entered in cause No. 16,695, and they duly perfected their appeal therefrom.

 Banks and Hooks seek to have this Court adjudicate the merits of their appeal. We cannot do so. When a Court of Civil Appeals erroneously dismisses an appeal, this Court can only affirm the judgment of dismissal or reverse the judgment and order the case reinstated on the docket of the Court of Civil Appeals for a determination of the merits of the appeal. Hargrove v. Insurance Inv. Corporation, 142 Tex. 111, 176 S.W.2d 744 (1944); Frank v. Tatum, 87 Tex. 204, 25 S.W. 409 (1894). See also Ward v. Scarborough, Tex.Com.App., 236 S.W. 441 (1922).

Based upon the conclusions enumerated, we render judgment as hereinabove set out. Costs in this Court are adjudged one-half to petitioners and one-half to respondents Mecom, Weaver and Freeport Sulphur Company.

SMITH, J., dissenting.

SMITH, Justice (dissenting).

I respectfully dissent. The Court of Civil Appeals in its opinion stated: "We dispose of this appeal by sustaining all appellees' motions to dismiss same." John W. Mecom, Trustee, Carnes Weaver and Freeport Sulphur Company moved that the *transcript be stricken* and that the appeal be dismissed. Their prayer was: "Appellees * * * pray that the *Transcript* filed herein by the Appellees be stricken and that Appellants' said appeal be dismissed." Although the judgment does not expressly strike the transcript, the legal effect of the action of the Court of Civil Appeals was to do so. Without a transcript, Banks and Hooks were left with nothing but their brief. The brief confirms the allegations of Me-

com et al. in their motion to strike and dismiss. The points of error in the Court of Civil Appeals are absolutely meaningless unless the appeal is good as against Sun Oil Company. The Court has affirmed the action of the Court in sustaining the motion to dismiss filed by Sun Oil Company. The Court should not compel the Court of Civil Appeals to reinstate the appeal since that court will not be able to follow a pointless brief. Banks and Hooks admitted in oral argument that their cause was hopeless unless they are able to proceed against the Sun Oil Company. My examination of the record leads me to conclude that no sound or legal reason has been advanced which requires this Court to order the reinstatement of the appeal of Banks and Hooks. Their only cause of action is against Sun Oil Company. The sun has set on their appeal. I would affirm the judgment of the Court of Civil Appeals.