NO. 07-10-0001-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 4, 2010

_____

IN RE ROBERT PAT WHITEAKER AND
WHITEAKER RANCHES, INC., RELATORS

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ORDER ON PETITION FOR WRIT OF MANDAMUS**

Relators, Robert Pat Whiteaker and Whiteaker Ranches, Inc., (hereinafter collectively referred to as Relators) filed a petition for writ of mandamus alleging an abuse of discretion by the trial court in the signing of an order dated January 4, 2010, approving the sale of receivership property and authorizing and directing the Receiver, Wayne Cogdill, to complete the sale pursuant to the terms of a certain Farm and Ranch Purchase Contract between Whiteaker Family Ranches Limited Partnership, as seller, and Doug Lathem, as buyer, (hereinafter referred to as the Lathem Contract). We granted Relators' emergency motion for temporary relief and stayed the enforcement of that order

pending disposition of the original petition. For the reasons stated below, we conditionally grant mandamus relief.

## Background

The underlying proceeding was originally initiated on March 29, 2007, when Martha Lane Clark, Debra Carol Horn, Travis Wayne Horn, Travis Lee Parker, Otis Brandon Parker, and Monica Carol Randall (hereinafter referred to as Plaintiffs), filed their original petition seeking the appointment of a receiver pertaining to the assets of Whiteaker Family Ranches Limited Partnership. Relator, Whiteaker Ranches, Inc., is the general partner of the Whiteaker Family Ranches Limited Partnership and Relator, Robert Patrick Whiteaker, is president of the general partner. Together, Plaintiffs and Relators make up the entire ownership of the limited partnership. The primary asset of the limited partnership was, and is, a family farm and ranch located in Hartley County, Texas.

On July 20, 2007, the trial court entered an order appointing Wayne Cogdill as receiver. Pursuant to that order, Cogdill was authorized, subject to his qualification and control of the court, to do any and all acts necessary to the proper and lawful conduct of the receivership. Pursuant to that authority, on September 30, 2008, Cogdill participated in the execution of a lease agreement between Whiteaker Family Ranches Limited Partnership, as lessor, and Kevin and Kay Spielman, d/b/a Kevin Spielman Cattle Co., as lessee, pertaining to the property of the limited partnership.

2

Thereafter, the Lathem Contract was negotiated, and on June 9, 2009, the contract was signed by Doug Lathem as buyer. The contract was not signed by the general partner, Whiteaker Ranches, Inc., or by its principal, Robert Patrick Whiteaker, nor was it signed by the Receiver. It was, however, signed by the limited partners, Debra Whiteaker Horn and Martha Lane Clark.

On July 29, 2009, Plaintiffs filed their *Motion to Authorize Sale of Property,* requesting the trial court to authorize the Receiver to sign the contract on behalf of the limited partnership. At a hearing conducted September 14, 2009, the trial court orally announced its decision to authorize the sale in accordance with the Lathem Contract. On September 24, 2009, prior to the entry of a written order to that effect, by agreement of the parties, Plaintiffs' motion was withdrawn and the trial court entered an order denying the relief requested "as moot."

Four days later, on September 28, 2009, Doug Lathem attempted to intervene into this proceeding by filing his *Plea in Intervention.* By that pleading, Lathem sought specific performance of the contract, together with monetary damages. On October 8, 2009, Lathem filed a motion seeking to have the trial court set aside its September 24, 2009 order denying Plaintiffs' request to authorize the Receiver to sign the contract on behalf of the limited partnership. In response to that motion, both Plaintiffs and Relators moved to strike Lathem's attempt to intervene in the receivership proceeding. On December 7, 2009, the trial court advised the parties that the motions to strike Lathem's

petition in intervention were denied and ordered the "prior ruling of the Court approving the sale by the Receiver should be reinstated." On the same day, the trial court signed an order vacating its order of September 24, 2009. Thereafter, on January 4, 2010, the trial court entered an order approving the Lathem Contract, amending certain dates within the contract, and ordering the Receiver to complete the sale pursuant to the terms of that contract.

On January 7, 2010, this Court granted Relators' motion for emergency relief and stayed enforcement of the trial court's order of January 4, 2010, pending disposition of this mandamus proceeding. This Court further ordered *all parties* to file a response to the petition for writ of mandamus by January 18, 2010. That deadline was later extended to January 25, 2010. Pursuant to this Court's order, Plaintiffs timely filed a response wherein they agreed that the relief being sought by Relators was appropriate. Lathem filed a response on January 27, 2010, contending this Court lacks authority to address complaints concerning his standing and the adequacy of the notice to be given under the terms of the Spielman lease. Lathem also contends the trial court did not abuse its discretion in entering the January 4, 2010 order. Notwithstanding the order of this Court, the Receiver did not favor us with a response.

## Mandamus Standard of Review

"Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*,

4

827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding), quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).

Generally, an appellate court may not grant mandamus relief where resolution of a fact issue underlies the trial court's decision. *Mendoza v. Eight Court of Appeals,* 795 S.W.2d 712, 714 (Tex. 1990) (recognizing that an appellate court may not deal with disputed issues of fact via a mandamus proceeding). However, where there are no disputed fact issues relevant to the decision, mandamus will lie if the trial court abuses its discretion by misapplying controlling legal principles to uncontroverted facts. *In re Ferguson,* 172 S.W.3d 122 (Tex.App.–Beaumont 2005, orig. proceeding).

**Discussion**

The *Order Appointing Receiver*, dated July 11, 2007, did not authorize the Receiver to sell the assets of the receivership estate. Therefore, Court approval was required before the Receiver could enter into a contract for the sale of the primary asset of the receivership. Although the Receiver never sought Court approval, Plaintiffs did initiate proceedings wherein they requested the Court to authorize the Receiver to sign the Lathem Contract. Rather than grant that request (i.e., to simply authorize the Receiver to enter into a contract) the trial court announced its decision to order "the sale in accordance with the Lathem contract." That order was rendered moot when, by agreement of the parties, the trial court entered its order acknowledging withdrawal of Plaintiffs' motion. Lathem then sought to revive the trial court's approval of the sale by

5

attempting to intervene. The underlying issue then is whether Lathem had the right to intervene into this receivership proceeding in general, and/or that portion of the receivership proceeding pertaining to Plaintiffs' motion to authorize the sale of the receivership property.

We will first address the more specific question: Was Lathem authorized to intervene into that portion of the underlying proceeding pertaining to Plaintiffs' *Motion to Authorize Sale of Property?* Generally, a plea in intervention must be filed before an order is rendered. *In re Barrett,* 149 S.W.3d 275, 279 (Tex.App.--Tyler, 2004, no writ). For purposes of precluding intervention, an order is final if it disposes of every pending claim and party. *Hisaw & Associates Gen. Contractors, Inc. v. Cornerstone Concrete Sys. Inc,* 115 S.W.3d 16, 21 (Tex.App.--Fort Worth, 2003, pet. denied). Although the Plaintiff's *Motion to Authorize Sale of Property* was filed bearing the same cause number as the original receivership proceeding, that proceeding was a separate and distinct cause of action ancillary to, and independent of, the general receivership proceeding. *Ferrell v. Ertel,* 94 S.W.2d 827 (Tex.Civ.App.--Fort Worth 1936, no writ). As such, the September 14, 2009, order reciting withdrawal of that motion and denying relief, disposed of every pending claim and party sufficient to preclude intervention into that portion of the proceeding pertaining to Plaintiffs' *Motion to Authorize Sale of Property.* Accordingly, Lathem's attempt to revive that proceeding by intervening was untimely and the trial court erred in not granting both Plaintiffs' and Relators' motions to strike Lathem's petition in intervention. As such, the trial court misapplied controlling legal principles to

6

uncontroverted facts by granting Lathem the relief he requested, to-wit: vacation of its order of September 14, 2009.

Having determined that Lathem was not authorized to intervene into the ancillary proceeding pertaining to the motion seeking to authorize the Receiver to sign the Lathem Contract, we now turn to the question of whether he was authorized to intervene into the general receivership proceeding.

The basis of Lathem's intervention in the receivership proceeding is his contention that he has a contract to purchase receivership property - a contention that is disputed by both Plaintiffs and Relators. By his petition in intervention, Lathem seeks specific performance of the contract and the recovery of actual damages. While that interest might constitute a justiciable interest sufficient to warrant intervening into the general receivership proceeding, it does not form a basis upon which the trial court can summarily resolve contested issues pertaining to the validity and enforceability of that contract. To the extent that the trial court concluded that the Lathem Contract was subject to specific performance without first addressing issues pertaining to its execution and enforceability, it failed to afford both Plaintiffs and Relators due process of law. *Southern Bag & Burlap Co. v. Boyd,* 120 Tex. 418 (Tex. 1931) (writ of mandamus may issue to correct order constituting the taking of relator's property and valuable property rights without due process of law). Accordingly, the trial court also misapplied controlling legal principles by

7

granting Lathem's request to order specific performance of the Lathem Contract and by entering its order of January 4, 2010.

## Conclusion

Because Relators do not have an adequate remedy at law, we conditionally grant the mandamus relief requested. We trust that Judge Enns will vacate his order of December 7, 2009, vacating his prior order denying Plaintiffs' motion to authorize the sale of that property, thereby reinstating his order of September 24, 2009, and vacate his order of January 4, 2010, ordering the Receiver to sell the property in question. The writ will issue only if he fails to do so.

Patrick A. Pirtle
Justice