NO. 07-10-0001-CV

 

                                       IN THE
COURT OF APPEALS

 

                           FOR THE SEVENTH
DISTRICT OF TEXAS

 

                                                     AT
AMARILLO

 

                                                         PANEL
C

 

                                                FEBRUARY 4, 2010

 

                                ______________________________

 

 

IN RE ROBERT PAT WHITEAKER AND

 WHITEAKER RANCHES, INC., RELATORS

 

                             _________________________________

 

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 

 

                   ORDER
ON PETITION FOR WRIT OF MANDAMUS

 

 

Relators, Robert Pat Whiteaker and
Whiteaker Ranches, Inc., (hereinafter collectively
referred to as Relators) filed a petition for writ of
mandamus alleging an abuse of discretion by the trial court in the signing of
an order dated January 4, 2010, approving the sale of receivership property and
authorizing and directing the Receiver, Wayne Cogdill,
to complete the sale pursuant to the terms of a certain Farm and Ranch Purchase
Contract between Whiteaker Family Ranches Limited
Partnership, as seller, and Doug Lathem, as buyer,
(hereinafter referred to as the Lathem Contract).  We granted Relators’
emergency motion for temporary relief and stayed the enforcement of that order
pending disposition of the original petition. 
For the reasons stated below, we conditionally grant mandamus relief.  








Background

The underlying proceeding was
originally initiated on March 29, 2007, when Martha Lane Clark, Debra Carol Horn, Travis Wayne Horn,
Travis Lee Parker, Otis Brandon Parker, and Monica Carol Randall (hereinafter
referred to as Plaintiffs), filed their original petition seeking the
appointment of a receiver pertaining to the assets of Whiteaker
Family Ranches Limited Partnership.  Relator, Whiteaker Ranches, Inc., is the general partner of the Whiteaker
Family Ranches Limited Partnership and Relator, Robert
Patrick Whiteaker, is president of the general
partner.  Together, Plaintiffs and Relators make up the entire ownership of the limited
partnership.  The primary asset of the
limited partnership was, and is, a family farm and ranch located in Hartley
County, Texas.  

On July 20, 2007,
the trial court entered an order appointing Wayne Cogdill
as receiver.  Pursuant to that order, Cogdill was authorized, subject to his qualification and control
of the court, to do any and all acts necessary to the proper and lawful conduct
of the receivership.  Pursuant to that
authority, on September 30, 2008, Cogdill participated
in the execution of a lease agreement between Whiteaker
Family Ranches Limited Partnership, as lessor, and
Kevin and Kay Spielman, d/b/a Kevin Spielman Cattle Co., as lessee, pertaining to the property
of the limited partnership.

Thereafter, the Lathem Contract was negotiated, and on June 9, 2009, the
contract was signed by Doug Lathem as buyer.  The contract was not signed by the general
partner, Whiteaker Ranches, Inc., or by its
principal, Robert Patrick Whiteaker, nor was it
signed by the Receiver.  It was, however,
signed by the limited partners, Debra Whiteaker Horn
and Martha Lane Clark.  

On July 29, 2009,
Plaintiffs filed their Motion to
Authorize Sale of Property, requesting the trial court to authorize the
Receiver to sign the contract on behalf of the limited partnership.  At a hearing conducted September 14, 2009,
the trial court orally announced its decision to authorize the sale in
accordance with the Lathem Contract.  On September 24, 2009, prior to the entry of
a written order to that effect, by agreement of the parties, Plaintiffs’ motion
was withdrawn and the trial court entered an order denying the relief requested
“as moot.”

Four days later,
on September 28, 2009, Doug Lathem attempted to
intervene into this proceeding by filing his Plea in Intervention.  By that
pleading, Lathem sought specific performance of the
contract, together with monetary damages. 
On October 8, 2009, Lathem filed a motion
seeking to have the trial court set aside its September 24, 2009 order denying
Plaintiffs’ request to authorize the Receiver to sign the contract on behalf of
the limited partnership.  In response to
that motion, both Plaintiffs and Relators moved to
strike Lathem’s attempt to intervene in the
receivership proceeding.  On December 7,
2009, the trial court advised the parties that the motions to strike Lathem’s petition in intervention were denied and ordered
the “prior ruling of the Court approving the sale by the Receiver should be
reinstated.”  On the same day, the trial
court signed an order vacating its order of September 24, 2009.  Thereafter, on January 4, 2010, the trial
court entered an order approving the Lathem Contract,
amending certain dates within the contract, and ordering the Receiver to
complete the sale pursuant to the terms of that contract.

On January 7,
2010, this Court granted Relators’ motion for
emergency relief and stayed enforcement of the trial court’s order of January
4, 2010, pending disposition of this mandamus proceeding.  This Court further ordered all parties to file a response to the
petition for writ of mandamus by January 18, 2010.  That deadline was later extended to January
25, 2010.  Pursuant to this Court's
order, Plaintiffs timely filed a response wherein they agreed that the relief
being sought by Relators was appropriate.  Lathem filed a
response on January 27, 2010, contending this Court lacks authority to address
complaints concerning his standing and the adequacy of the notice to be given
under the terms of the Spielman lease.  Lathem also
contends the trial court did not abuse its discretion in entering the January
4, 2010 order.  Notwithstanding the order
of this Court, the Receiver did not favor us with a response.

Mandamus Standard of Review

AMandamus issues only to correct a clear abuse of
discretion or the violation of a duty imposed by law when there is no other
adequate remedy by law.@  Walker v.
Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding), quoting
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)
(orig. proceeding).

Generally, an appellate court
may not grant mandamus relief where resolution of a fact issue underlies the
trial court=s decision.  Mendoza
v. Eight Court of Appeals, 795 S.W.2d 712, 714 (Tex. 1990) (recognizing
that an appellate court may not deal with disputed issues of fact via a
mandamus proceeding).  However, where
there are no disputed fact issues relevant to the decision, mandamus will lie
if the trial court abuses its discretion by misapplying controlling legal
principles to uncontroverted facts.  In re Ferguson, 172 S.W.3d 122 (Tex.App.BBeaumont 2005, orig. proceeding).

Discussion

The Order Appointing Receiver, dated July 11, 2007, did not authorize
the Receiver to sell the assets of the receivership estate.  Therefore, Court approval was required before
the Receiver could enter into a contract for the sale of the primary asset of
the receivership.  Although the Receiver
never sought Court approval, Plaintiffs did initiate proceedings wherein they
requested the Court to authorize the Receiver to sign the Lathem
Contract.  Rather than grant that request
(i.e., to simply authorize the Receiver to enter into a contract) the trial
court announced its decision to order "the sale in accordance with the Lathem contract." 
That order was rendered moot when, by agreement of the parties, the
trial court entered its order acknowledging withdrawal of Plaintiffs'
motion.  Lathem
then sought to revive the trial court's approval of the sale by attempting to
intervene.  The underlying issue then is
whether Lathem had the right to intervene into this
receivership proceeding in general, and/or that portion of the receivership
proceeding pertaining to Plaintiffs’ motion to authorize the sale of the
receivership property.  

We will first address the more
specific question: Was Lathem authorized to intervene
into that portion of the underlying proceeding pertaining to Plaintiffs’ Motion to Authorize Sale of Property?  Generally, a plea in intervention must be
filed before an order is rendered.  In re Barrett, 149 S.W.3d
275, 279 (Tex.App.--Tyler, 2004, no writ).  For purposes of precluding intervention, an
order is final if it disposes of every pending claim and party.  Hisaw & Associates Gen. Contractors, Inc. v.
Cornerstone Concrete Sys. Inc, 115 S.W.3d 16, 21 (Tex.App.--Fort Worth, 2003, pet. denied).  Although the Plaintiff's Motion to Authorize Sale of Property was filed bearing the same
cause number as the original receivership proceeding, that proceeding was a
separate and distinct cause of action ancillary to, and independent of, the
general receivership proceeding.  Ferrell v. Ertel, 94 S.W.2d 827 (Tex.Civ.App.--Fort
Worth 1936, no writ).  As such,
the September 14, 2009, order reciting withdrawal of that motion and denying
relief, disposed of every pending claim and party sufficient to preclude
intervention into that portion of the proceeding pertaining to Plaintiffs’ Motion to Authorize Sale of Property.  Accordingly, Lathem's
attempt to revive that proceeding by intervening was untimely and the trial
court erred in not granting both Plaintiffs' and Relators'
motions to strike Lathem's petition in
intervention.  As such, the trial court
misapplied controlling legal principles to uncontroverted facts by granting Lathem the relief he requested, to-wit: vacation of its
order of September 14, 2009.  

Having determined that Lathem was not authorized to intervene into the ancillary proceeding
pertaining to the motion seeking to authorize the Receiver to sign the Lathem Contract, we now turn to the question of whether he
was authorized to intervene into the general receivership proceeding.

The basis of Lathem’s
intervention in the receivership proceeding is his contention that he has a
contract to purchase receivership property - a contention that is disputed by
both Plaintiffs and Relators.  By his petition in intervention, Lathem seeks specific performance of the contract and the
recovery of actual damages.  While that
interest might constitute a justiciable interest sufficient
to warrant intervening into the general receivership proceeding, it does not
form a basis upon which the trial court can summarily resolve contested issues
pertaining to the validity and enforceability of that contract.  To the extent that the trial court concluded
that the Lathem Contract was subject to specific
performance without first addressing issues pertaining to its execution and enforceability,
it failed to afford both Plaintiffs and Relators due
process of law.  Southern Bag & Burlap Co. v. Boyd, 120 Tex. 418 (Tex. 1931)
(writ of mandamus may issue to correct order constituting the taking of relator's property and valuable property rights without due
process of law).  Accordingly, the trial
court also misapplied controlling legal principles by granting Lathem’s request to order specific performance of the Lathem Contract and by entering its order of January 4,
2010.

Conclusion








Because Relators
do not have an adequate remedy at law, we conditionally grant the mandamus
relief requested.  We trust that Judge Enns will vacate his order of December 7, 2009, vacating
his prior order denying Plaintiffs’ motion to authorize the sale of that
property, thereby reinstating his order of September 24, 2009, and vacate his
order of January 4, 2010, ordering the Receiver to sell the property in
question.  The writ will issue only if he
fails to do so.

 

Patrick A. Pirtle

   
Justice